Sedgwick & Gerding.

71; 20 Wendell, 24; 4 Hill, 424; 10 Yerger, 228; 1 Mee. & Welby, 159, 166; 1 American Leading Cases, 45.

Judgment affirmed.

JOHN SEDGWICK, assignee, for use, etc., plaintiff in error, *vs.* JULIUS GERDING, defendant in error.

(JACKSON, Judge, did not preside in this case.)

1. On December 31st, 1872, suit was brought on an open account contracted in September and October 1867. To avoid the bar imposed by the statute of limitations, and as an independent ground of recovery, the following letter from the defendant to the plaintiff, of date May 21st, 1868, was relied upon:

"GENTLEMEN—In reply to your favor of the 22d instant, you will please to withdraw your draft of $314 37 upon me, as I cannot pay for the present. As soon as I have the money, I shall remit."

*Held*, that such letter was too indefinite either to avoid the statutory bar as against the account, or to sustain an action.

2. Where a defendant removed from this state with the intention not to return, but subsequently changed his purpose and did return, the time of his absence should be deducted in ascertaining if the statutory bar had attached. *Aliter*, if he was simply temporarily absent.

Statute of limitations. Removal from the state. Before Judge BARTLETT. Putnam Superior Court. September Term, 1874.

The account sued on in this case was made in September and October, 1867.

For the remaining facts, see the decision.

JAMES L. BROWN; J. W. HUDSON, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on an open account for the sum of $447 97 with a

bill of particulars annexed thereto. The action was commenced on the 31st December, 1872. At the September term of the court, 1874, the plaintiff amended his declaration by declaring on a letter addressed by the defendant to the parties with whom the account was originally made, as follows: "Gentlemen—In reply to your favor of the 22d instant, you will please to withdraw your draft of $314 37 upon me, as I cannot pay for the present. As soon as I have the money I shall remit." This letter was dated 21st May, 1868. The defendant pleaded payment and the statute of limitations in bar of the plaintiff's action. The jury, under the charge of the court, found a verdict for the defendant. The plaintiff made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the plaintiff excepted. But two grounds of error alleged in the motion, were insisted on here: First, that the court erred in charging the jury, that the letter of the 21st of May, 1868, did not take the debt out of the operation of the statutory bar of four years, and extend it to six years. Second, that the court erred in charging the jury in relation to the defendant's absence from the state, in view of the evidence contained in the record.

1st. The draft referred to in the defendant's letter did not purport to be a draft given in liquidation of the account sued on, or as having any connection with it; besides, the letter did not state for what consideration the draft was drawn, or whether there was any consideration for it, nor when the same was payable. The statement in the letter was too indefinite to take the account sued on out of the operation of the statutory bar of four years, or to authorize the plaintiff to maintain a suit thereon, even if there had been any consideration stated for which the draft was drawn.

2d. It appears from the evidence in the record that the defendant was an unmarried man, doing a mercantile business in the town of Eatonton, Putnam county; that he was absent from the state from April or May, 1870, to September or October, 1871, on a visit to his parents, relatives and friends in

Germany; that when he left, he did so with the intention of returning; that·his business was carried on during his absence in connection with another; that he claimed Eatonton as his place of residence all the time he was gone. The 2929th section of the Code declares that if the defendant shall *remove* from this state, the time of his absence from the state, and until he returns to *reside*, shall not be counted or estimated in his favor. The court charged the jury, substantially, as follows: "If you believe, from the evidence, that defendant removed from the state with an intention to change his residence and not to return, even if he did afterwards change his purpose and did return, then you will deduct the time the defendant was so absent from the state, and deducting that time from the time of the statutory bar, you will find against the statutory bar; but if, from the evidence, you find that the defendant never removed from the state, but that he left the state on a visit, with no intention to remove or remain away but temporarily, and at a certain time to return, and that his residence was still in the county of Putnam, and that he was only temporarily absent on business or pleasure, then the time he was absent will not be deducted, and you will find that the statute of limitations attaches, and you will find for the defendant." In view of the evidence in the record, there was no error in the refusal of the court to charge the jury as requested, or in the charge as given in lieu thereof. The jury having found a verdict for the defendant on the facts proven by the evidence, there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.