THE WESTERN UNION TELEGRAPH COMPANY *v.* HINES.

1. Though a paper has been produced under notice, inspected by the party calling for it, and put in evidence by him, if he announced before so doing that he "contended it was not the original" of the paper called for, he did not lose the right to subsequently attack, on the ground stated, the paper introduced, notwithstanding he may have given no "formal notice" of an intention to do so. If the party calling for and inspecting the paper did not, at or before the time of introducing it, mention any objection to it or give any notice whatever of an intention to attack it, he could not afterwards impeach it, unless he had been in some way misled, imposed upon or deceived, after the exercise on his own part of proper diligence.

2. If the sendee of a telegraphic message informed the manager of the company's office in the city to which the message was addressed that he (the sendee), by reason of the company's failure to duly

deliver a message sent to him, had lost a job worth $60.00 per month and board, and intended to sue the company for damages; and the manager thereupon replied, " Hold on awhile, and I will see into it and let you know," and also stated that he "would arrange it," but thereafter made no report to the sendee, it was a question for the jury whether or not this amounted to a waiver by the company of the sixty days written notice of the sendee's claim for damages stipulated for upon the blank on which the company contended the original message was written.

3. A telegraphic message in these words: "Have work; come at once," was sufficient to put the company on notice as to the character of the damages which would probably result to the sendee of the message from negligence on the part of the company in failing to deliver it to him in due time.

4. The evidence in this case clearly showed that the plaintiff lost at least one year's employment because of the defendant's negligence; the verdict was reasonable in amount; and on the whole, there was no error requiring a new trial.

August 16, 1895.

Action for damages. Before Judge HENRY. Floyd superior court. September term, 1894.

DORSEY, BREWSTER & HOWELL and WRIGHT, HAMILTON & WRIGHT, for plaintiff in error.

FOUCHÉ & FOUCHÉ, *contra.*

SIMMONS, Chief Justice.

1. When this case was here before, it appeared that the plaintiff had lost the copy of the dispatch which was delivered to him by the telegraph company, and the trial judge allowed him to prove the contents of it without producing or accounting for the original. (94 *Ga.* 430.) On the second trial it appeared that the plaintiff had given the telegraph company notice to produce the original which had been filed by the sender in the office of the company in Birmingham. There was no dispute between the parties as to the words of the message, but the dispute was as to whether the message was written on one of the printed blanks of the company or upon ordinary paper. The printed blanks contained a stipulation that if damages were claimed on account of

non-delivery of the message, written notice of the same should be given to the company within sixty days. The defendant claimed that the original message was written on one of these blanks, but the plaintiff denied this. The defendant produced at the trial a paper written on one of its blanks with the above stipulation printed thereon, which it claimed to be the original message called for by the plaintiff. This paper was introduced in evidence by the plaintiff, his counsel stating to counsel for the defendant before so doing, that he "contended it was not the original," but no formal notice was given that the plaintiff intended to attack it on that ground. During the trial he did attack it, and attempted to show that the original message as received by the company from the sender was written on ordinary paper, which contained no such stipulation as that above referred to. To this the defendant objected, on the ground that the plaintiff having introduced the paper without notice of an intention to attack it as not being the original paper called for, he could not attack it on that ground subsequently. The court did not err in overruling the objection. It is true that where a party calling for and inspecting a paper produced in response to notice does not, at or before the time of introducing it, mention any objection to it or give any notice of an intention to attack it, he cannot afterwards impeach it unless he has been in some way misled, imposed upon or deceived, after the exercise on his own part of proper diligence; but we think the statement of counsel in the present case when the paper was produced, that he contended it was not the original paper, was sufficient notice on this point.

2. It appears from the record, that Hines, the plaintiff, had been in the employment of Dabney, a railroad contractor, as "boss" or foreman of his hands in the building of a railroad. When the railroad upon which

they were engaged was completed, he left the service of Dabney, with the understanding that if Dabney should secure another contract then in contemplation, he (Hines) was to return and engage in the same employment until the work under the new contract should be completed. It was agreed that he should receive for his work $60 per month and board worth $16.50 per month, and the employment was to continue at least one year. Dabney secured the new contract, and on March 11, 1889, delivered to the defendant, to be forwarded to Hines, a telegram stating: "Have work; come at once." The telegram was delivered to the defendant at Birmingham, Alabama, and was directed to Rome, Ga., where Hines resided, and was received at the defendant's office in Rome on the day it was sent, but was not delivered to Hines until several days had elapsed; in consequence of which he lost the job. He went to the office of the telegraph company at Rome and told a clerk of this, and that he was going to sue the company for damages; and the manager of the company at that place soon after called upon him and inquired about the matter. He showed the manager the telegram, and stated that he had lost a job worth $60 per month and his board, in consequence of the non-delivery of the message, and that he intended to sue the company for damages. The manager said to him: "Hold on awhile, and I will see into it and let you know," and also stated that he "would arrange it." Relying on this statement Hines waited for some weeks before taking further action, but received no further report in regard to the matter from the manager or any other agent of the company. While he was waiting to hear from the manager, the sixty days expired within which, according to the stipulation which the company contends was printed on the blank on which the original message was written, written notice of such claims was required to be given to the company.

The telegraph company insisted that, by reason of the failure of the plaintiff to comply with this stipulation, the action was barred; the plaintiff, on the other hand, contended that the conduct of the defendant's manager amounted to a waiver of the stipulation. The trial judge, in his charge to the jury, referred to them the question whether under all the facts such conduct amounted to a waiver or not. After careful consideration we have concluded that under the facts it was proper to submit the question to the jury, and that they were warranted in finding that there was a waiver.

According to the evidence, the plaintiff promptly notified the agents of the company of his claim and of his intention to sue, and might have given the more formal notice required by the stipulation referred to if he had not been thrown off his guard and lulled into a false security by the promise of the company's manager to look into the matter and report to him, and his further promise to "arrange it." Having thus led the plaintiff to suppose that his claim would be settled, or at least that there was no occasion for him to take any further action until the manager should report to him, we do not think the defendant should be allowed to say that the claim is barred because written notice was not given in time. This case is stronger in its facts than the case of Massengale v. Western Union Telegraph Co., 17 Mo. App. 257. There the promise of the agent was simply that he would "look into the matter," and the court held that this was not sufficient. Judge Thompson, in his work on the Law of Electricity (§262), says that the conclusion in that case was reached upon "questionable grounds." In the present case, as we have seen, the manager of the company not only stated that he would look into the matter, but that he would let the plaintiff know, and also promised that he "would arrange it." See on this subject: Western Union Telegraph Co. v. Stratemeier, 32 N. E. Rep. (Ind.) 871.

3, 4. The questions dealt with in the 3d and 4th head-notes do not require further discussion.

*Judgment affirmed.*