## HARTFORD FIRE INSURANCE COMPANY *v.*
### AMOS *et al.,* and *vice versa.*

1. Where an action was brought upon a policy of fire insurance by one other than the person to whom the policy was issued, the declaration alleging that the latter had "for a valuable consideration transferred and assigned and delivered said policy of insurance to petitioner," and also setting forth a copy of the policy, upon which, however, there was no copy of any assignment or transfer to the plaintiff, grounds of demurrer alleging that "it does not appear that the alleged transfer and assignment of said contract was in writing," and that "said alleged transfer and assignment is not set forth and declared on," ought, in the absence of an offer to amend by averring that the assignment was in fact in writing and by setting forth the writing itself, to have been sustained.

2. Although such policy contained a contractual limitation to the effect that suit must be brought thereon within twelve months next after the fire, yet where in an action upon the policy the declaration alleged that after the fire the insurance company, having been garnished by creditors of the insured, "represented and promised to adjust and pay the loss by said fire as named in said declaration when said garnishment could and should be disposed of, and that by reason thereof, the plaintiff avers that he did not file and commence said action within one year after said fire," a ground of demurrer alleging that the action could not be maintained because brought after the twelve months had expired, was not well taken, it being, under these circumstances, a question for the jury whether or not the plaintiff, in consequence of the above mentioned promise, was induced not to bring suit within the year, and whether or not the conduct of the company, under the circumstances, amounted to a waiver of its right to insist upon the limitation stipulated for in the policy.

3. The question presented by the cross-bill of exceptions is disposed of by the decisions of this court in *Melson* v. *Phenix Insurance Co., Maril* v. *Home Ins. Co.,* 97 *Ga.* 722, and *Williams* v. *Greenwich Ins. Co., ante,* 532.

June 8, 1896. By two Justices. Argued at the last term.

Action on insurance policy.    Before Judge Butt.    Muscogee superior court.    May term, 1895.

*Goetchius & Chappell*, for the insurance company.
*C. J. Thornton*, contra.

SIMMONS, Chief Justice.

It appears from the record, that Mrs. A. Amos insured a certain house with the Hartford Fire Insurance Company, and that during the term for which the property was insured the house was burned.   Samuel Amos brought an action on the policy, in which he alleged, among other things, that after the fire Mrs. Amos, for a valuable consideration, "transferred and assigned and delivered" the policy to the petitioner.   A copy of the policy was attached to the petition.   The defendant filed several special demurrers to the petition, one of them being that "it does not appear that the alleged transfer and assignment of the policy was in writing, and that said alleged transfer and assignment is not set forth and declared on."   The court overruled the demurrer, and the defendant excepted.

1. Under our code, §2244, all choses in action are assignable, but as construed by the decisions of this court, the assignment must not rest in parol but must be in writing. *Turk* v. *Cook*, 63 *Ga.* 681; *Daniel & Co.* v. *Tarver*, 70 *Ga.* 206; *Hatcher* v. *Bank*, 79 *Ga.* 547; *Riley* v. *Hicks*, 81 *Ga.* 272; *First National Bank* v. *Hartman Steel Co.*, 87 *Ga.* 438.   If the assignment is not in writing, the assignee cannot bring an action thereon in his own name, but must necessarily use the name of the assignor, as suing for his use. The words "transferred and assigned" do not necessarily mean that the transfer was in writing; and the defendant had a right to know whether the purpose was to allege and prove an assignment in writing or not; and to obtain this knowledge it filed this special demurrer.   We have examined the copy of the policy attached to the declaration as sent up in the record, and we do not find any assignment

thereon. If a written assignment had appeared on the policy attached to the declaration, the ruling of the court would have been correct, but inasmuch as the declaration does not allege that the assignment was in writing, and it does not appear on the policy, we think the court ought to have sustained this special demurrer, there being no offer to amend by setting out an assignment in writing.

2. The policy sued on contained a stipulation that no suit should be sustainable thereon "unless commenced within twelve months next after the fire." It appears that more than twelve months had elapsed after the fire before this action was commenced; and the defendant demurred also on this ground. The court having intimated that it would sustain the demurrer on this ground, the plaintiff amended by alleging that after the fire the defendant was garnished by two creditors of Mrs. Amos, and defendant represented and promised to adjust and pay the loss by the fire when the garnishment could and should be disposed of; and by reason thereof plaintiff did not commence the action within one year after the fire and proof of loss. The defendant renewed its demurrer, and the demurrer was overruled, and to this ruling the defendant excepted.

We think the court was right in overruling this demurrer. If the defendant promised to adjust and pay the loss when the garnishment should be disposed of, this was calculated to throw the plaintiff off his guard and lull him into a false security; and it was a question for the jury whether or not the plaintiff, in consequence of the promise, was induced not to bring suit within the year, and whether or not the conduct of the company, under the circumstances, amounted to a waiver of its right to insist upon the limitation stipulated for in the policy. See *Western Union Telegraph Co. v. Hines*, 96 *Ga.* 692; 2 May, Insurance, §488, and cases cited; Dwelling House Insurance Co. *v.* Brodie (Ark.), 4 Lawy. Rep. Annot. 458, 462, and cases cited; 1 Biss. (U. S.), 485; The Farmers & Merchants Ins. Co. *v.* Chesnut,

50 Ill. 117; Grant *v.* Ins. Co., 5 Ind. 23; Ames *v.* Ins. Co.,. 14 N. Y. 254, 266; Smith *v.* Ins. Co., 62 N. Y. 86.

3. The plaintiff excepted by cross-bill to the ruling of the court that the twelve months limitation was valid and binding. This exception is disposed of by the decisions of this court in *Melson* v. *Phenix Insurance Co., Maril* v. *Home Insurance Co.,* 97 *Ga.* 722, and *Williams* v. *Greenwich Insurance Co.,* at the present term *(ante,* 532).

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed.* ·