# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1913

---

4564.  STANLEY *v.* STERLING MUTUAL LIFE INSUR-
ANCE COMPANY.

1. By accepting proof of death furnished by the beneficiary under a life-
   insurance policy, the insurer waives the right to set up, in defense to
   an action upon the policy, that proof of death was not furnished in
   compliance with a stipulation therein contained.
2. Where an insurer, by negotiating for a settlement or by a promise to
   pay the amount of the policy, has led the holder to believe that he
   will be paid without suit, the latter can not take advantage of a pro-
   vision in the policy requiring action thereon to be brought within a
   stated time.
3. Where a policy of insurance, issued upon the assessment plan, stip-
   ulated that the beneficiary should be paid the sum of one dollar for
   each member in good standing at the date of the death of the insured,
   and in a suit brought upon the policy, there was evidence that there
   were members in good standing at the date of the death of the insured,
   and no legal reason was offered by the insurer for failing to collect
   the assessments in accordance with the stipulations of the policy, it was
   error to grant a nonsuit; it appearing that the insured had complied
   with all the conditions precedent in the policy, except those which had
   been waived by the insurer.

DECIDED MARCH 18, 1913.

Action on insurance policy; from city court of Madison—Judge
Anderson.  October 10, 1912.

*M. C. Few,* for plaintiff.  *F. C. Foster,* for defendant.

POTTLE, J.  1. This was an action on a life-insurance policy
against an insurance company doing business upon the assessment
plan.  The policy stipulated that the beneficiary should be paid

the sum of $1 upon the death of the insured for each member in good standing at the date of the death of the insured. It was alleged in the petition that there were 500 members in good standing at the date of the insured's death, and that the company was, therefore, indebted to the petitioner in the sum of $500. From the policy attached to the petition it appears that the company agreed to pay the sum of $1 for every member in good standing in the division in which the insured was a member at the date of his death, upon satisfactory proof of death. It is provided in by-laws attached to the policy and made a part thereof, that no liability shall accrue under the policy and no recovery thereon shall be had, "unless claim is made within ninety days from the death of the insured. And no one shall bring suit against the company on a death claim arising under this policy within sixty days, or after ninety days, from the time that proof of death is made, and filed in the home office of the company." It is further provided that no change in the contract shall be valid, unless in writing, signed by the president or the secretary and treasurer of the company. There is a further provision that when death occurs, the beneficiary or some one acting for him shall at once notify the home office, or certain named officers of the company, "and shall furnish proof of death and its cause or causes, on blanks furnished by the company for that purpose." The company defended upon the ground that no proof of death had been furnished, and that the suit was instituted more than ninety days from the date on which the beneficiary claimed to have furnished proof of death of the insured.

The beneficiary testified, that the insured (his wife) died on August 17, 1910; that he reported the death to the secretary and treasurer of the company, and carried to him a certificate of the attending physician, and that this officer of the company said it was "all right; that I would get my money pretty soon." "I went to see him several times and he reported to me that everything was all right, and that I would be sure of collecting the insurance. I relied upon his statement." He "told me my notice to him of the death of my wife was sufficient." The secretary and treasurer testified that he did not remember the beneficiary having made any report to him of the death of the beneficiary's wife, and that he made no statement that any amount would be paid on the policy.

He further testified that there were 74 members in good standing at the date of the death of the insured in the division in which she was a member, but that the call for the payment of assessments upon the certificate of the insured was never made, because it was never reached until the company had suspended business, and that nothing was collected to pay the policy, and that all of the members had lapsed before the assessment-call upon the policy was reached.

A stipulation in a policy of insurance limiting the time in which suit shall be brought on the policy is reasonable and valid, unless the time be so short as to indicate an intention to take an undue advantage of the beneficiary. *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337); *McDaniel* v. *German-American Ins. Co.,* 134 *Ga.* 189 (67 S. E. 668). It is well settled that stipulations in reference to the filing of proofs of death, and to the time in which suit must be brought, may be waived by the company. While a local agent having authority only to receive proposals for insurance and to countersign policies has no power to waive stipulations (*Lippman* v. *Ætna Insurance Co.,* 120 *Ga.* 247 (47 S. E. 593), an agent with general authority in the conduct and management of the company's affairs would have power to waive such stipulations in the policy as those above referred to. Where an insurance company promised to adjust and pay a loss under a fire policy as soon as a certain contingency should happen, and for this reason suit was not commenced on the policy until after the time limit therein prescribed, it was held that the stipulation was waived. *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (25 S. E. 575). It is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer can not take advantage of a provision in the policy which requires the action to be brought in a certain time. Cooley's Briefs on Insurance, 3992. Where suit has been delayed beyond the stipulated time on account of direct promises of the company to pay the claim, the action is not barred by the delay so caused. Id. 3991.

The same principle is applicable to the furnishing of proofs of death. In this case the plaintiff testified that he notified one of the general officers of the company of the death of his wife and furnished to him a certificate from the attending physician in proof of death, and that this general officer accepted this proof with the statement that it was all right, and that the plaintiff would "be

sure of collecting the insurance." Obviously it would be a fraud upon the plaintiff to mislead him into the belief that the company had accepted the physician's certificate as satisfactory proof of death, and then, when suit is brought upon the policy, rely upon the letter of the contract, that proofs should be made on blanks furnished by the company for that purpose. The statement of the secretary and treasurer of the company amounts to a waiver of a strict compliance with the contract in this regard. Furthermore, according to the testimony of the plaintiff, this officer made a direct promise to pay the loss. The plaintiff went to see him several times, but each time the officer said that everything was all right, and that the plaintiff would get his insurance. The plaintiff was thus lulled into the belief, by the repeated promises of the company's officer, that he would be paid without suit; and it would be a gross fraud upon him to permit the company to delay payment until after the expiration of the time limit in the policy, and then defeat the claim because the suit was not brought within the limitation period.

It was admitted by the company that at the date of the death of the plaintiff's wife, there were 74 members in good standing in the division in which she was a member. The company gave no sufficient excuse for failing to make the call for the assessment upon these members. The policy contains an absolute promise to pay $1 for each and every member in good standing at the date of the death of the insured; but, taking this in connection with the by-laws which were a part of the policy, it is evident that the only source from which the company was to derive the money to pay the death claim was by assessment upon the members in good standing. The plaintiff, under his evidence, is entitled to recover under his policy $1 for each and every member in good standing, so as to fix the amount for which he had the right to make demand upon the company. When he obtains this judgment the question of his right to subject assets deposited with the treasurer of the State, under the provisions of the Civil Code, § 2450, will arise. By the express terms of that section, the security deposited with the treasurer of the State is held in trust for the benefit of the policyholders, their legal representatives and beneficiaries. If the company can not show a legal excuse for not levying and collecting the assessment, it will be liable, otherwise it will not.

*Judgment reversed.*