44663. AETNA INSURANCE COMPANY v. PAULK.

PANNELL, Judge. Where the terms of a fire insurance policy prohibit the bringing of an action thereon after more than one year from the date of the loss, such provision in the

policy is binding on the parties thereto, and a condition precedent to a recovery on the policy (see *General Ins. Co. v. Lee Chocolate Co.*, 97 Ga. App. 588 (103 SE2d 632) and cases therein cited), unless the same be waived under the terms of the policy or the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay. See *Stanley v. Sterling Mut. Life Ins. Co.*, 12 Ga. App. 475 (77 SE 644); *Knights of the Ku Klux Klan v. Fidelity &c. Co. of Maryland*, 47 Ga. App. 12 (169 SE 514); *Hartford Fire Ins. Co. v. Amos*, 98 Ga. 533 (25 SE 575); *American Surety Co. v. Peoples Bank*, 55 Ga. App. 28 (189 SE 414).

In the present case, on motion for summary judgment of the defendant insurer invoking such a provision in the policy in the present case, which provided that the limitation could not be waived except in writing, it appeared without contradiction that the action was brought on November 13, 1968, more than twelve months after the inception of the loss on December 16, 1966. The claims manager of the corporate defendant by affidavit testified: "Neither myself nor any officer, official, managing officer or supervisory personnel of Aetna Insurance Company has ever authorized Murphey Rogers [local selling agent] . . . or any local agent of the company to waive the provision in said policy stating that no action on the policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of the policy have been complied with, and unless the action is commenced within twelve months next after inception of the loss." There was an affidavit of the local agent that after the reporting of the loss to him he immediately in turn reported the loss to a company which adjusted claims for the defendant and that this company sent one Aultman to adjust such claim and that he, the local agent, understood there was a dispute as to the title of the premises involved and "acting under the belief that the defendant would pay the loss as soon as title to the real estate was clear," informed the plaintiff of this fact and a suit was instituted to establish the insured's title to said property, which was done, and in April, 1968, agreement was reached by the parties, and in May, 1968, demand was made on the company and on June 4, 1968, the company denied the claim and that "from December 16, 1966, until June 4, 1968, he [the agent] was led to

believe by the defendant that the plaintiff's claim would be paid and so informed the plaintiff." Plaintiff's affidavit among other things stated that after April 9, 1968, she was contacted several times by representatives of the insurer and submitted to an examination under oath on April 9, 1968, by an attorney for the insurer and that she was "led to believe by both the agent who issued the policy and by the adjustor who investigated the loss that her claim would be paid but that it would take time to process the claim," and where there was no evidence on the part of the movant insurer that neither the local agent nor the adjustor had authority to make such statements, there was no error on the part of the trial court in refusing to grant the insurer's motion for summary judgment.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1969—DECIDED OCTOBER 6, 1969.

*Seymour S. Owens*, for appellant.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley*, for appellee.