## 45730.   LAUGHINGHOUSE v. FIRST OF
## GEORGIA INSURANCE COMPANY.

PANNELL, Judge. L. L. Laughinghouse brought an action against First of Georgia Insurance Company seeking to recover sums allegedly agreed to be paid to the plaintiff by the defendant insurance company as the result of a loss by fire covered by a policy issued by the defendant insurance company to the plaintiff. Upon the trial of the case, the following appeared from the evidence.
About two months after a fire loss on December 27, 1967, two

insurance companies, one of whom is the defendant in the present case, and the policyholder, the plaintiff in the present case, met and agreed on the amount of the loss and the amount to be paid by each insurance company under the proration clause in the policies upon receipt of properly executed proofs of loss. Later when a revised estimate of the loss was received, the insurance companies revised their figures upward and sent proofs of loss to be executed and returned by the policyholder, the defendant insurance company forwarding its proof of loss to the policyholder on or about March 6, 1968, and the policyholder, after checking the figures with a contractor, signed the proofs of loss and mailed them to the insurance companies the latter part of April 1968 with return address on the envelope, the one to the defendant insurance company being mailed in a self-addressed envelope which had been enclosed with the proof of loss when it was sent to the policyholder. There was no evidence that proper postage was placed upon the envelope. An official of the insurance company, not the local agent, testified that the proof of loss "was never received by me, nor anyone with First of Georgia Insurance Company . . . I have no reason to believe that if the company had received it it would not have come to me," and in answer to a question as to whether the defendant insurance company could have received it without the witness not having received it himself: "This is possible. Yes. If I might add—although it's within the realm of possibilities, since persons other than myself handle mail—know of no reason why if it were received by our company that it would not in the normal course of events come on to me." There was also evidence, although denied by this same insurance official, that prior to the expiration of the twelve-month period of limitation on bringing actions contained in the policy and in the month of December 1968 this same insurance official, upon being contacted by the policyholder in reference to payment of the claim, told the policyholder that "everything was in order, in line, and was being processed, and that it would just take a period of time" and "it's in process; it's being processed. Everything is in line and don't worry about it." Upon a motion by the defendant for a directed verdict on the grounds (a) no proof of loss had been filed and (b) the statutory period of limitation

provided for in the policy had expired prior to bringing the suit, the trial judge sustained the motion and directed the verdict. The plaintiff appealed. *Held:*

1. In the absence of proof that the envelope in which the proof of loss was mailed bore proper postage, no presumption of the delivery arose from such mailing. See *Rawleigh Medical Co. v. Burney,* 22 Ga. App. 492 (1) (96 SE 578); *Bankers Mut. Cas. Co. v. Peoples Bank of Talbotton,* 127 Ga. 326 (2) (56 SE 429). Nor was the evidence of the official of the defendant insurance company sufficient to rebut such a presumption, even if proof of proper postage had been made. See *Home Ins. Co. v. Head,* 36 Ga. App. 779 (138 SE 275); *Fireman's Fund Ins. Co. v. Hardin,* 44 Ga. App. 849 (162 SE 841). However, the evidence as to a statement of such official made to the plaintiff, when plaintiff inquired as to when payment of the claim would be made, that everything was in line, and was being processed, and only a little time was necessary, was, if believed by the jury, sufficient to constitute a waiver of the filing of proof of loss, if it had not been filed, or an admission that it had been received, if required. As to authority of this official to waive, or create an estoppel as to, the enforcement of the provisions of the policy relating to proofs of loss, see *Williams v. Atlas Assurance Co., Ltd. of London,* 22 Ga. App. 661 (4) (97 SE 91).

2. This same evidence, if believed by the jury, could also constitute an estoppel to insist upon the twelve-month limitation for bringing an action provided in the policy. See *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475 (2) (77 SE 664); *Aetna Ins. Co. v. Paulk,* 120 Ga. App. 445 (171 SE2d 153). Neither *Sedwick v. Gerding,* 55 Ga. 264 nor *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (13 SE2d 27) is controlling here as in these cases (1) only a local agent or adjuster was involved and (2) there was a refusal to pay in *Sedwick v. Gerding,* 55 Ga. 264, supra, within the period of limitation and *negotiation* toward settlement afterward; and in *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269, supra, while there was no refusal to pay, neither was there an agreement of settlement and a promise to pay as in the present case.

3. Accordingly, whether the action be construed as one on the policy and governed by the twelve-month limitation provided in the policy, or as one on the agreement of settlement (see in this connection *Reece v. Massachusetts Fire &c. Ins. Co.,* 107 Ga. App. 581 (130 SE2d 782)), the filing of the proof of loss was necessary in either case, and there being evidence of the receipt of the proof of loss or a waiver of the filing of the proof of loss, and the same evidence also being evidence of wavier of the twelve-month limitation on the bringing of suit contained in the policy, the trial judge, in either case, erred in directing a verdict for the defendant insurance company.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 6, 1970—DECIDED JANUARY 20, 1971.

*Harry H. Bell, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellee.