46292. UNITED STATES FIDELITY & GUARANTY
COMPANY v. LOCKHART.

PANNELL, Judge. A plaintiff, insured by the defendant insurer
with uninsured motorist coverage, brought an action against
the insurer seeking recovery of damages for injuries sustained
in an automobile collision on August 16, 1968, with an un-
known motorist without first bringing an action against the
unknown motorist under § 56-407A of the Georgia Insurance
Code (*Code Ann.* § 56-407.1), alleging by paragraph 4 (a) of the
petition the following: "Any failure on the part of plaintiff to
initiate any law suit against any unknown operator, as the
same reflects upon the liability of defendant under the afore-
said policy, was a direct result of intentional, fruadulent and
deceitful representations of defendant to plaintiff in the form of
assurances that no legal steps were necessary, and promises to
pay a stated amount of money to plaintiff within a stated pe-
riod of time, defendant being thereby estopped and barred from
raising the question of any such failure." The defendant in-
surer filed a motion for summary judgment on the grounds that
no judgment had been obtained against the unknown motorist
as required by the Act. No evidence or materials were intro-
duced or presented by the movant on the issue raised by para-
graph 4 (a) of the complaint. The plaintiff's affidavit disclosed
that one Melvin Smith, an agent of the defendant, in Septem-
ber of 1968, advised plaintiff that the defendant had been able
to locate the driver of the other car involved in the collision,
and had determined that said driver was poverty stricken and
without resources with which to pay any claim, but refused,
upon plaintiff's request, to divulge the name of said driver and
the said Smith advised plaintiff that the company would settle

with him, whenever the plaintiff was ready, and on or about August 7, 1970, plaintiff filed with defendant an affidavit with regard to property damage and personal injury arising out of the aforesaid collision, a copy of which was attached as Exhibit "C", and during the course of these transactions, plaintiff was continuing to advise defendant of such progress as he was making in recovery from the aforesaid injuries, whereupon agents of defendant consistently and repeatedly assured plaintiff that his claim under the uninsured motorist coverage for personal injuries and property damages would be satisfactorily concluded, and that it would not be necessary for plaintiff to initiate legal action of any kind in order to receive payment of his claim under the uninsured motorist coverage and said agents continuously and consistently advised plaintiff that all that was necessary for him to do in order to receive payment under the said uninsured motorist coverage would be to furnish documentation of the amounts of his claims, which plaintiff has done fully, and that on or about August 12, 1970, plaintiff discussed with defendant's agent, Jim Harvey, the question of payment of his claim, and said Harvey advised plaintiff that he, Harvey, was preparing to issue a draft payable to plaintiff in settlement of his claim in the amount of $5,000 for bodily injury, said Harvey advised plaintiff that it would be a day or two before he had concluded necessary internal administrative procedures, whereupon the draft would be delivered to the plaintiff. At that time, plaintiff inquired specifically of Harvey whether it was necessary for him, plaintiff, to take any further steps of any kind, and defendant's agent, Harvey, advised plaintiff that no further steps on plaintiff's part were necessary. Suit was filed August 13, 1970. *Held:*

1. The provisions of the Georgia Insurance Code, § 56-407A (*Code Ann.* § 56-407.1), requiring a complainant to first sue and obtain a judgment against the tortfeasor as a condition precedent to recovery against the complainant's insurer under the uninsured motorist coverage provisions of a policy (*King v. State Farm Mut. Auto. Ins. Co.*, 117 Ga. App. 192 (160 SE2d 230)) is for the benefit of the insurer, and may be waived by it.

2. Such provisions and conditions precedent to recovery upon the

policy whether contained in the policy or contained in a statute, unless contrary to public policy, are waived where the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay. *General Ins. Co. v. Lee Chocolate Co.,* 97 Ga. App. 588 (103 SE2d 632); *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475 (77 SE 644); *Knights of the Ku Klux Klan v. Fidelity &c. Co. of Maryland,* 47 Ga. App. 12 (169 SE 514); *Hartford Fire Ins. Co. v. Amos,* 98 Ga. 533 (25 SE 575); *American Surety Co. v. Peoples Bank,* 55 Ga. App. 28 (189 SE 414); *Aetna Ins. Co. v. Paulk,* 120 Ga. App. 445, 446 (171 SE2d 153).

3. Whether upon a trial of the case this same evidence might not entitle the plaintiff to a verdict for damages in an action for fraud and deceit against the insurer, we do not decide, nor do we decide whether the allegations of paragraph 4 (a) of the complaint would be subject to a motion to strike as not sufficiently stating actionable fraud as a ground for *tolling* the statute of limitation under *Code* § 3-807, which were the questions involved in *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687).

On motion for summary judgment by a defendant, the defendant must disprove the plaintiff's right of recovery under any theory, and since the plaintiff's evidence did authorize, if it does not demand, a finding of *waiver* of the condition precedent of suit and recovery against the tortfeasor, the trial judge did not err in refusing the grant of summary judgment to the defendant insurer.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Quillian, Whitman and Evans, JJ., concur. Hall, P. J., Eberhardt and Deen, JJ., dissent.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 24, 1971—REHEARING DENIED NOVEMBER 10, 1971—

*Hopkins & Gresham, Robert E. Whitley, H. Lowell Hopkins,* for appellant.

*Weltner & Crumbley, Charles L. Weltner,* for appellee.

HALL, Presiding Judge, dissenting. The cases cited in Division 2 of the majority opinion are inapposite for the simple reason that

in each of these cases the insurer either negotiated with the insured until the statute of limitation had expired or promised to settle and pay the loss until the statute of limitation had expired. In the present case, the plaintiff filed suit *before* the two-year statute of limitation had expired.

In my opinion the trial court erred in denying defendant's motion for summary judgment. *King v. State Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230); *Metropolitan Life Ins. Co. v. Caudle,* 122 Ga. 608 (50 SE 337).

DEEN, Judge, dissenting. 1. Even if the negotiations for settlement and direct promises to pay of agents of the insurer had extended beyond the two-year period of the statute of limitation there is doubt as to the applicability of the cases cited in Division 2 of the majority opinion, especially in view of several provisions contained in the policy binding on both parties, such as: "14. *Changes.* Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."

"9. *Action Against Company.* No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this endorsement."

"18. *Declarations.* By acceptance of this policy, the insured named in Item 1 of the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy *embodies all agreements existing between himself and the company or any* of its agents relating to this insurance." (Emphasis supplied).

Insured had notice of the contractual requirements of waiver contained in the policy as well as knowledge as to limitations of authority of agents of insurer.

2. Plaintiff appellee filed suit against his insurer on August 13, 1970, two or three days within the statute of limitation. It appears clear that upon the filing of the suit plaintiff is no longer

relying upon promises of the insurer but is suing because insurer is refusing to pay. Insured has sued insurer prematurely as he should have first sued and obtained a judgment against the tortfeasor as a condition precedent under the uninsured motorist coverage provisions. *King v. State Farm Mut. Auto. Ins. Co.*, 117 Ga. App. 192 (160 SE2d 230).

3. It is unnecessary to decide whether the allegations of paragraph 4 (a) of the complaint would be subject to demurrer as not sufficiently stating actionable fraud as a ground for *tolling* the statute of limitation under *Code* § 3-807, which were the questions involved in *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417 (138 SE2d 687). If decided in appellee's favor, the statute of limitation under *Code* § 3-807 would be tolled up until August 13, 1970, allowing the running of the statute from that date.

I would reverse.

I am authorized to state that Judge Eberhardt concurs in this dissent.