## 53888. NEE v. STATE FARM FIRE & CASUALTY COMPANY.

MARSHALL, Judge.

Appellant Nee brings this appeal from the grant of summary judgment in favor of State Farm Fire & Casualty Co. This case arises out of a fire loss to the home and contents owned by Nee and insured by State Farm, but for which State Farm has denied payment for failure by Nee to institute suit for said loss within 12 months following the loss. Nee admits that the contract called for a 12-month filing period and that the suit was filed over 14 months after the loss. Nee sought to excuse the late filing of his complaint upon the ground that State Farm had misled him by undertaking to negotiate a settlement of the claim without the intervention of a lawsuit.

The undisputed facts as contained in admissions by the parties, in answers to interrogatories and in the pleadings, are that State Farm had issued a valid and existing fire insurance policy upon the home owned by Nee and that the policy was in force and effect at the time of a fire on October 1, 1974, which damaged a substantial portion of the home and its contents. A notice of the loss was given almost immediately, and the agents for State Farm came to the home and observed the extent of the loss. Nee was given certain forms, which he filled out and submitted to the insurer. Both parties agree that the fire was the product of an act of arson. At first, State Farm either harbored the suspicion that Nee was the arsonist or, because of the arson, State Farm was dubious of coverage. Nee admitted there was arson, but by an unknown person. Because of the suspicion of arson and the reluctance of State Farm to make immediate payment upon the loss, Nee retained an attorney to assist in the processing of the claim. The subsequent bickering of the attorneys for both the insurer and the insured has needlessly complicated this controversy. Nevertheless, it appears that the attorneys for Nee and State Farm were interested in negotiating a settlement of the claim. State Farm admitted the liability under the policy, and was willing to pay up to the amount of coverage for damage to the house and its contents, and would negotiate any

additional expenses caused by the extended delay in paying the claim. As late as ten and a half months after the fire, correspondence was dispatched by an agent for State Farm (on August 18, 1975), indicating that representatives of State Farm would meet with Nee and his attorney to discuss settlement, acknowledging in that letter the repair costs and contents loss recognized by State Farm. That letter also asked when it would be convenient to meet to discuss the additional living-expense costs, as well as other relevant items involved in the loss. Attached to the answer of State Farm are five letters (including the one above mentioned), three from State Farm's agent and two from Nee's attorney. At no time does it appear that State Farm has outrightly rejected Nee's claim, and, in fact, in its admissions and answers to interrogatories, State Farm asserts that it never denied its liability until after the suit was filed, and then denied payment only because the claim had not been filed within the 12-month period following the fire, as required by the contract.

Without considering certain affidavits that were attached to an amendment to Nee's pleadings, it is apparent that Nee, through his pleadings as amended, alleged that State Farm, through misrepresentations concerning settlement, appraisal, extent of monetary loss and cause of loss, knowingly lulled Nee into a false sense of security and the belief that his claim would be settled without the necessity of filing suit. Nee claimed that, relying on such misrepresentations, he did not file suit, and that State Farm had at least impliedly waived the 12-month contractual limitation. Nee also alleged that the misrepresentation was intentional, in that State Farm never intended to pay the claim. *Held:*

The Civil Practice Act abolished "issue pleading," substituted in lieu thereof "notice pleading," authorized the pleading of conclusions, and directed that "all pleadings shall be so construed so as to do substantial justice." Code Ann. § 81A-108 (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048); *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89) (1969); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246) (1968); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163

SE2d 327) (1968). Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974); *Martin v. Approved Bancredit Corp.*, 224 Ga. 550 (163 SE2d 885) (1968). Under his pleadings, Nee complains that he was misled by State Farm into delaying the filing of a suit because of continuing assurances by State Farm that it wished to settle the claim by negotiation. As a part of the pleadings before the trial court (attached to the answer of State Farm) were numerous letters indicating such an intent. A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Grigsby v. Fleming*, 96 Ga. App. 664, 665 (1) (101 SE2d 217) (1957). See *Fla. Yellow Pine Co. v. Flint River Naval Stores Co.*, 140 Ga. 321 (78 SE 900) (1913); *Venable v. Block*, 138 Ga. App. 215, 216 (225 SE2d 755) (1976). "It is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time. Cooley's Briefs on Insurance, 3992. Where suit has been delayed beyond the stipulated time on account of direct promises of the company to pay the claim, the action is not barred by the delay so caused." *Stanley v. Sterling Mut. Life Ins. Co.*, 12 Ga. App. 475, 477 (77 SE 664) (1912). Further, it is not necessary that there be an actual promise to pay in order for the acts of the insurer to effect a waiver of the time limitation. If the facts show that negotiations for a settlement have led the insured to believe that the claim would be paid by the insurer without a suit, this will constitute a waiver of the time requirement, and the insurer cannot take advantage thereof in a suit to recover the loss. *Knights of the Ku Klux Klan v. Fidelity & Deposit Co.*, 47 Ga. App. 12, 17 (169 SE 514) (1933) and cits. If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the

contract of insurance was waived by State Farm, became a question of fact, which, under the pleadings, was in dispute. Such a dispute as to intent properly is a matter to be submitted to a jury under appropriate instructions. *Hartford Fire Ins. Co. v. Amos,* 98 Ga. 533, 535 (2) (25 SE 575) (1895). See also *Western Union Tel. Co. v. Hines,* 96 Ga. 688, 692 (23 SE 845) (1894); *Ga. Farm Bureau &c. Ins. Co. v. Mikell,* 126 Ga. App. 640, 642 (2) (191 SE2d 557) (1972); *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810, 812 (3) (186 SE2d 362) (1971); *American Surety Co. v. Peoples Bank,* 55 Ga. App. 28, 36 (189 SE 414) (1936).

We have considered the recent opinion of this court in *Johnson v. Ga. Farm Bureau Mut. Ins. Co.,* 141 Ga. App. 859, 860 (2) (234 SE2d 693) (1977), which recognized the vitality of an identical contractual limitation upon the filing of a suit as the contract in this case contained. That case is distinguishable from the present one by the fact that in the *Johnson* case the question of continuing negotiation was submitted to a jury. Upon a finding by the trial judge in that case that there was *no* evidence of continued efforts to negotiate in any manner, the trial judge directed a verdict in behalf of the insurer. In this case, we have concluded there is evidence that could lead a jury to believe the intent of the parties was to negotiate a settlement, thus impliedly waiving the contractual limitation. We do not wish to be misunderstood to be saying that as a matter of fact or law that the insurer in this case, the appellee, waived the contractual provision requiring the filing of a suit within 12 months of the loss. Our holding is to the effect only that an issue of fact has been presented.

"The movant for summary judgment has the burden of showing the absence of any genuine issues of material facts which under applicable principles of substantive law entitle him to a judgment as a matter of law." *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (1) (160 SE2d 633) (1968) and cits. The cardinal rule of the summary procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179) (1961). There being a material issue of disputed fact in this case, the

trial court erred in granting summary judgment in favor of State Farm.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1977 — DECIDED JUNE 21, 1977 — REHEARING DENIED JULY 7, 1977 —

*Raiford, Hills & McKeithen, Michael B. McKeithen, Tyler Dixon,* for appellant.

*Greer & Klosik, Richard G. Greer,* for appellee.