63797. ROSENBERG v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SOGNIER, Judge.

David Rosenberg filed a complaint in the State Court of Fulton County against Liberty Mutual Insurance Company (Liberty Mutual) seeking to recover on a contract of insurance issued in Massachusetts for claims arising under the uninsured motorist provision of the insurance policy. Rosenberg filed a motion for partial summary judgment seeking to establish Liberty Mutual's liability on the uninsured motorist provision of the policy. Liberty Mutual filed a motion to dismiss on the ground that the trial court lacked subject matter jurisdiction. The trial court granted Liberty Mutual's motion to dismiss concluding that the issues in the case were grounded in tort (personal injury) rather than contract and denied the motion for partial summary judgment. Rosenberg appeals.

On January 17, 1979 Rosenberg was involved in an automobile accident with William Tomassi in Atlanta, Georgia. Tomassi was uninsured and has never been sued by Rosenberg. Rosenberg filed a claim with Liberty Mutual under the "Limited Collision" provision (Part 9) of his automobile insurance policy to recover for damage to his automobile. Liberty Mutual paid this claim and subsequently paid other claims for medical expenses. Rosenberg then filed a claim for "Bodily Injury Caused by An Uninsured Auto" (Part 3) under the policy which was denied by Liberty Mutual.

1. Appellant contends that the trial court erred in granting Liberty Mutual's motion to dismiss. Rosenberg argues that the trial court did not lack subject matter jurisdiction because the suit was an action on the insurance contract. Appellee, on the other hand, argues that because the suit is one based upon the uninsured motorist provision of the insurance policy and ultimately on the liability of the uninsured motorist it is a suit grounded in tort.

Appellee concedes that had appellant obtained a judgment against the uninsured motorist here (a condition precedent to recovery against the insurer under Code Ann. § 56-407.1; see *Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791 (168 SE2d 596) (1969)), he would have a valid contract action against the insurer. Appellee relies on the reasoning in *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131) (1975) and *Vaughn v. Collum,* 236 Ga. 582 (224 SE2d 416) (1976) to support its argument that the instant case is essentially a tort action and not an action on the insurance policy itself. We think appellee's reliance is misplaced. *Houston* and *Vaughn* were cases involving tort suits against uninsured motorists where the insurance companies were served pursuant to Code Ann. § 56-407.1, and where it was held that the applicable statute of limitations was two years. "*Vaughn* observes that the issues in such a case are dependent entirely on tort liability. 'If there is no tort liability, there is no responsibility to pay the *tort judgment* as provided by the contract.' [*Vaughn,* supra, at 582]" (Emphasis supplied.) *Smith v. State Farm &c. Ins. Co.,* 152 Ga. App. 825, 826 (264 SE2d 296) (1979), revd. on other grounds, *State Farm &c. Ins. Co. v. Smith,* 245 Ga. 654 (266 SE2d 505) (1980).

The instant case does not involve suit against an uninsured motorist under Code Ann. § 56-407.1 where the insurer is made a party to the suit or served pursuant to the statute. Rather, the instant case involves a suit on a Massachusetts insurance contract where the insured has alleged that the insurer has *waived* the requirements of Code Ann. § 56-407.1 requiring the insured to obtain a judgment against the uninsured motorist.

Part 3 of the insurance policy provides in pertinent part: "[W]e

will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit and run auto . . . The determination as to whether an injured person is legally entitled to recover damages from the owner or operator of a responsible auto will be by agreement between us and the injured person. . ."

The provisions of Code Ann. § 56-407.1 requiring judgment against the uninsured motorist as a condition precedent to recovery against the insurer is for the benefit of the insurer and may be waived. *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810, 811 (1) (186 SE2d 362) (1971); *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875, 881 (201 SE2d 628) (1973). Such provisions and conditions precedent to recovery upon the policy, whether contained in the policy or in the statute, unless contrary to public policy, are waived where the insurer has led the insured to believe that the insured will be paid without suit. *U. S. Fidelity &c. Co.,* supra, at p. 812. Such a waiver may exist under the terms of the policy. *Aetna Ins. Co. v. Paulk,* 120 Ga. App. 445, 446 (171 SE2d 153) (1969). We think Rosenberg was entitled to believe that the uninsured motorist provision of his Massachusetts policy did not require suit against the uninsured motorist as a condition precedent to recovery on the contract of insurance. Thus, the suit was properly brought as an action on the contract in the State Court of Fulton County. The trial court incorrectly granted appellee's motion to dismiss.

2. Appellant contends that the trial court erred in denying his motion for partial summary judgment. Rosenberg argues that because Liberty Mutual paid his claim for property damage under Part 9, the "Limited Collision" provision of the policy, the insurer is estopped from asserting that he (Rosenberg) was at fault in the automobile collision and from denying payment under Part 3, the uninsured motorist provisions of the policy. Appellant contends that payment to him under Part 9 of the policy established appellee's liability to pay him under Part 3 of the policy since Liberty Mutual had determined that Rosenberg was legally entitled to recover against the uninsured motorist in court.

The "Limited Collision" provision of the policy provides: "We only pay under this Part for multiple car accidents in which the driver we are covering was no more than 50% at fault." The uninsured motorist provision of the policy provides: "The determination as to whether an injured person is legally entitled to recover damages from the owner or operator of a responsible auto *will be by agreement between us and the injured person.* The amount of the damages, if any, will be determined in the same way. . ." (Emphasis supplied.)

While the requirement of obtaining a *judgment* against the uninsured motorist under Georgia law may have been waived by the Massachusetts policy in the instant case (see Division 1), the uninsured motorist provision of the policy specifically provides that: "We will pay only if the injured person is *legally entitled* to recover from the owner or operator of the uninsured . . . auto."

Appellant contends that Liberty Mutual is estopped from asserting that Rosenberg is not *legally entitled* to recover under the uninsured motorist provision because the limited collision provision provides: "We will consider the driver of the auto covered under this Part to be no more than 50% at fault if: . . . 4. You are entitled to recover in court against an identified person . . ." Since Liberty Mutual paid Rosenberg's claim under this provision, appellant argues that appellee determined that he was "entitled to recover in court" against the uninsured motorist. We do not agree.

The record discloses a conflict in the evidence as to the determination of fault prior to payment on the limited collision provision of the policy. Despite the evidence in the record of payment of this claim, Liberty Mutual by affidavit denies having made a determination of fault prior to payment of the claim, but rather asserts that it paid the claim based only upon the police report and other available information. Rosenberg claims that Liberty Mutual investigated the case and that fault had been determined. In addition, there is no indication that a determination was made that the insured was *legally entitled* to recover from the uninsured motorist under the uninsured motorist provision. Such a determination can only be made by a judgment against the uninsured motorist (which was not obtained) or by agreement between the insurer and the injured person, as provided for in the policy. Under the circumstances, it cannot be said as a matter of law that Rosenberg was legally entitled to recover from the uninsured motorist simply because Liberty Mutual paid his claim under the Limited Collision provision of the policy. Summary judgment was properly denied.

*Judgment reversed in part and affirmed in part. Pope, J., concurs. Deen, P. J., concurs specially.*

DECIDED JULY 14, 1982.

F. *Clay Bush, Stephen H. Debaun,* for appellant.
*Lowell S. Fine, G. Michael Banick,* for appellees.

DEEN, Presiding Judge, concurring specially.
While agreeing with the majority that there may be a waiver in

this case by the insurer requiring the plaintiff to first sue the uninsured motorist, it should be further noted that an agreement to agree on something in the future is nudum pactum: "Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect." *Malone Const. Co. v. Westbrook,* 127 Ga. App. 709 (194 SE2d 619) (1972). The provision contained in the policy in this case as to paying the insured damages: "Will be by agreement between us and the injured person" is, in my opinion, repugnant to and contrary to the public policy of this state.