GLASS ELECTRIC COMPANY, INC.

v.

COMMERCIAL UNION INSURANCE COMPANY and American Employers Insurance Company.

No. 1:87-cv-931-GET.

United States District Court, N.D. Georgia, Atlanta Division.

May 10, 1988.

Ira J. Smotherman, Jr., Stokes, Shapiro, Fussell & Wedge, Atlanta, Ga., for plaintiff.

Robert M. Finlayson, II, Mozley, Finlayson & Loggins, Atlanta, Ga., John Edward Gilchrist, Office of John Edward Gilchrist, Bremen, Ga., for defendants.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is before the court on defendants' motion for summary judgment or, in the alternative, partial summary judgment.

This lawsuit is an action on an insurance contract in which plaintiff seeks to recover for loss of and damage to conduit installed at a construction site. The parties agree that the policy was issued by defendant American Employers Insurance Company (hereinafter "defendant") and that defendants' motion for summary judgment should be granted as to Commercial Union Insurance Company on the ground that it is not a party to the insurance contract at issue.

There is also no dispute among the parties that the loss occurred on or about July 1, 1985 or as much as two weeks before this date. The parties also do not dispute that the first "sworn statement and proof of loss" was submitted by plaintiff in April of 1986. Defendant first denied plaintiff's claim on or about June 13, 1986. The lawsuit in this action was not filed until April 7, 1987.

The policy pursuant to which plaintiff seeks recovery contains the following provision:

*Suit.* No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim, . . .

Plaintiff asserts that defendant waived the above provision by investigations and negotiations that misled plaintiff into believing that the limitations period would not be enforced. In the alternative, plaintiff argues that the twelve-month limitation period did not begin to run until sixty (60) days after presentation and acceptance of proof of loss by defendant.

Initially, the court notes that in this diversity action, it is bound by Georgia law as that law is expressed in state statutes and in the cases of the Georgia Supreme Court or the Georgia Court of Appeals, if the Georgia Supreme Court has not spoken on a particular issue.

A contractual limitations period found in an insurance contract may be waived under certain circumstances. *See, e.g., Georgia Farm Bureau Mutual Insurance Company v. Mikell,* 126 Ga.App. 640, 642(2), 191 S.E.2d 557 (1972); *Laughinghouse v. First of Georgia Insurance Company,* 123 Ga.App. 189, 191(2), 179 S.E.2d 675 (1971). Plaintiff alleges that the investigations and negotiations conducted by the defendant insurance company misled plaintiff into believing that the contractual limitations period had been waived.

In support of this contention, plaintiff first notes that although defendant developed enough information in May of 1986 to confirm that there was no coverage for plaintiff's loss, they did not write the formal letter denying coverage until June 13, 1986. Plaintiff asserts that this denial letter stating that the denial was based on coverage grounds would lead the average insured to believe that the contractual limitation period would not be invoked. Plaintiff's other evidence offered in support of

his waiver argument consists of evidence of a meeting and discussions held after the expiration of the twelve-month period.

Under Georgia law, a waiver of the contractual limitations period "may result where the company leads the insured by its actions to rely on its promise to pay, express or implied." *Georgia Farm Bureau Mutual Insurance Company v. Mikell*, 126 Ga.App. 640, 642(2), 191 S.E.2d 557 (1972). The basis for finding a waiver of the contractual limitations period is the insurance company's implied or express promise to pay the claim, thus leading the insured to believe that there is no controversy concerning whether the claim is covered. The insured is allowed to rely on the promise to pay since, in light of such promise, the insured has little reason to file suit on the claim. *See e.g., Laughinghouse v. First of Georgia Insurance Company*, 123 Ga.App. 189, 191(2), 179 S.E.2d 675 (1971) (waiver found where insurer assured the plaintiff upon inquiry prior to the expiration of the twelve month limitations period that "everything was in order, in line, and was being processed ... and don't worry about it.").

In the case at bar, plaintiff has presented no evidence that there was ever a promise to pay, implied or express. As early as March 1986, defendant's adjustor told plaintiff that the claim was not covered. (Lilley Deposition at 53). Subsequent discussions concerning the claim were to give the plaintiff further opportunity to establish that the claim was covered. (*Id.* at 54). In addition, the claim was formally denied prior to the expiration of the twelve month period in a letter dated June 13, 1986. The evidence shows that the loss occurred "as early as July 1, 1985" and "may have been discovered" as early as two weeks prior to July 1, 1985. ("Defendants' Statement of Material Facts" No. 7, admitted by plaintiff pursuant to Local Rule 220-5(b)(2), N.D. Ga.). Thus, the letter denying the claim on coverage grounds was not written at a time when the claim could have been clearly denied on the basis of the twelve-month limitations period.

In addition, the June 13th letter explicitly reserved all other defenses not specified in the letter. (Ex. E to Lilley Affidavit: "By specifying the above grounds for denial, this company does not intend to waive, but rather specifically reserves all of its rights, including other defenses which may be applicable to the subject claim."). The language in this letter could not reasonably have led plaintiff to believe that defendant had waived the contractual limitations period.

Finally, the discussions and negotiations that occurred after the expiration of the twelve-month period were specifically requested "to get some consideration other than contractual." (Lilley Deposition at 71). There is no evidence that anyone represented to plaintiff at any time after the expiration of the twelve-month period that any part of the claim was covered or would be paid despite a lack of coverage. Thus, none of the cited discussions or negotiations could reasonably have led plaintiff to believe that defendant had waived the twelve-month contractual limitations period. *See Desai v. Safeco Insurance Company of America*, 173 Ga.App. 815, 328 S.E.2d 376 (1985) ("It is clear that though parties engage in negotiations looking toward a possible settlement of a loss or claim, this does not constitute a waiver of any provisions of an insurance policy or the right of the insurer to assert that provision."); *Universal Scientific, Inc. v. Safeco Insurance Company of America*, 174 Ga.App. 768, 331 S.E.2d 611 (1985) (rejected plaintiff's argument of a waiver of the twelve-month limitations period primarily because the defendant never led the plaintiff to believe that it would pay the loss which it finally rejected); *Carpenters Local Union No. 1977 v. General Insurance Company of America*, 167 Ga.App. 299, 299–300, 306 S.E.2d 383 (1983) (rejecting waiver argument for lack of evidence of "any affirmative promise, statement, or other act of the defendant or any evidence of actual or constructive fraud to lead plaintiff into believing that the defendant intended to enlarge on the limitation period contained in the contract"). *See also* O.C. G.A. § 33–24–40.

Plaintiff's second argument concerning the contractual limitations period is that the period did not begin to run until sixty (60) days after presentation and acceptance of proof of loss by defendant. Plaintiff asserts that the twelve-month period did not begin to run until after sixty days following the presentation and acceptance of a proof of loss statement since the policy contains a provision that requires all claims to be paid within the sixty day period following the presentation and acceptance of proof of loss. Thus, plaintiff argues that it could not file suit prior to the expiration of this time period since its cause of action was not ripe until that time.

Plaintiff has cited no binding authority in support of its contention and the court has not found any such authority. The insurance contract at issue in the case before the court clearly and unambiguously states that the twelve-month period begins to run "next after discovery by the insured of the occurrence which gives rise to the claim." While it is true that an insurance contract should be construed against the insurer when a provision is susceptible of two constructions, it is equally true that when the insurance contract is unambiguous, the court must enforce the contract as written. *Fidelity & Deposit Company of Maryland v. Sun Life Insurance Company of America*, 174 Ga.App. 258, 260, 329 S.E.2d 517 (1985).

The policy is unambiguous as written. Since suit was not "commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim," plaintiff's action is barred. Plaintiff does not contest that the discovery by the insured of the occurrence giving rise to the disputed claim occurred no later than July 1, 1985.

The following provide alternative grounds for the grant of defendants' motion for summary judgment:

(1) Defendants' motion may be granted as to Commercial Union Insurance Company since this entity did not issue the policy in dispute. Plaintiff does not contest the grant of the motion as to Commercial Union Insurance on this ground;

(2) Defendants' motion may be granted on the ground that the origin of plaintiff's loss was vandalism and losses due to vandalism are specifically excluded by the insurance contract;

(3) Defendants' motion may be granted on the ground that the loss for which plaintiff seeks recovery resulted from damage to building materials that were already installed and became a physical part of a building or other permanent structure and such losses are specifically excluded by the insurance contract; and

(4) Defendants' motion may be granted for plaintiff's failure to comply with a policy condition requiring plaintiff to provide records (daily construction log books) to the insurer relating to the property covered by the policy.

For the above-stated reasons, the court grants defendants' motion for summary judgment. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

SO ORDERED.