## 57014. McCAULEY et al. v. BOSTON OLD COLONY INSURANCE COMPANY et al.

BANKE, Judge.

The appellants, Richard and Patricia McCauley, contracted with appellee Aero-Mayflower Transit to move their household belongings to Atlanta, Georgia. Their home in Atlanta was damaged when the moving van

backed up too far in the driveway and hit the carport roof. Certain personalty was also damaged as a result of the collision. Appellants sued appellee Boston Old Colony Insurance Company to recover for these losses under their homeowner's policy. They also sued Mayflower and its insurer appellee Hartford Accident & Indemnity Company. By agreement of the parties, the suits were consolidated for trial. The trial judge entered directed verdicts against the appellants on all their claims, except the question of Mayflower and Hartford's liability for the damages to the appellant's personal property. The jury returned a verdict of $1 for the appellants on that claim. The appellants now appeal the judgments entered on all these verdicts. *Held:*

1. In their first enumeration of error, the appellants contend that the trial judge erred in directing a verdict for Boston Old Colony.

(a) The evidence introduced at trial established that while the appellants gave Boston's local agent prompt oral notice of the July 5, 1976, injury to their home, they also informed him that they did not want to file a claim under their homeowner's policy since Mayflower and Hartford would cover the loss. It was not until five months after the loss, when the appellants were unable to work out a satisfactory settlement with the other parties, that they filed a written notice of claim against Boston. Boston's motion for directed verdict was based on the appellants' failure to submit a signed and sworn proof of loss ". . . within 60 days after the loss, unless such time is extended in writing by the company." Boston also relied on the additional policy provision that "[n]o suit or action under . . . this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with. . ."

Boston did not waive its right to assert the proof-of-loss requirement by investigating the loss, obtaining an independent appraisal, and entering into negotiations looking toward a possible settlement of the loss or claim after receiving the appellants' written notice in December 1976. See Code Ann. § 56-2428 (3); *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697 (2)

(d) (172 SE2d 159) (1969). The fact that Boston's adjustor may have made an oral offer of settlement (an allegation denied by Boston) in January 1977 does not require a contrary ruling since the alleged offer was made more than 60 days after the loss. See *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236) (1963). Waiver of the proof-of-loss requirement occurs only when it appears ". . . that the refusal to pay (or what amounted to a refusal to pay) occurred within the same period [i.e. 60 days], for nothing short of an express waiver by the insurer can be effective after expiration of the time for performing the condition precedent, i.e., the filing of a proof of loss." *Reserve Ins. Co. v. Campbell,* supra, at 314. See also *Travelers Indem. Co. v. Marks,* 111 Ga. App. 388 (1) (141 SE2d 911) (1965); *Sou. Ins. Co. v. Martin,* 118 Ga. App. 608 (3) (c) (164 SE2d 887) (1968); *Buffalo Ins. Co. v. Star Photo Finishing Co.,* supra, Div. 1 (b).

The appellants' contention that this 60-day rule should not apply to them since they had only an insurance binder at the time of the accident (and did not receive the policy until October 1976) is without merit since, even if the 60-day period was measured from this latter date, the alleged offer was still made after expiration of the period. Furthermore, Boston's local agent had no duty to give the appellants a proof-of-loss form upon being orally notified of the loss, since he was specifically informed that no claim would be filed. See *Buffalo Ins. Co. v. Star Photo Finishing Co.,* supra, Div. 2 (e). Accordingly, the trial judge did not err in directing a verdict for appellee Boston.

(b) In light of our preceding ruling, the trial judge did not err in entering judgment for Boston on the appellants' claim to recover a bad faith penalty. See generally *State Farm Mut. Auto. Ins. Co. v. Harper,* 125 Ga. App. 696 (3) (188 SE2d 813) (1972).

2. (a) Appellants' Enumerations 2 and 3 relate to the trial judge's direction of verdicts in favor of appellees Mayflower and Hartford, finding them not liable for the injury to the appellants' home.

"The correct measure of damages for injury to a building is the cost to repair or to restore the building to its condition before the injury. See *Harrison v. Kiser,* 79 Ga. 588 (8) (4 SE 320) (1887); *NEDA Const. Co. v. Jenkins,* 137

Ga. App. 344 (4) (223 SE2d 732) (1976). The only stated exception to this rule is when restoration of the building is impractical because of its 'dilapidated condition' at the time of the injury. See *Mercer v. J. & M. Transp. Co.,* 103 Ga. App. 141 (2) (118 SE2d 716) (1961); *NEDA Const. Co. v. Jenkins,* supra." *Buhl v. Sandy Springs Medical Center,* 147 Ga. App. 176, 177 (248 SE2d 238) (1978). The exception was not shown to be applicable in this case.

Sufficient evidence upon which the jury could have made a determination as to the cost of repair was provided by Hartford's adjustor. Called by the appellants for cross examination, this witness testified that he had been in the business for 26 years, that he had attended numerous training sessions for adjustors during that period, and that he specialized in the area of damage to properties and buildings. He also testified that he had personally observed the damage to the appellants' home from the outside and that he had communicated with another expert concerning the extent of the structural damage which could not be seen from the outside. During the course of this conversation, the other expert expressed his opinion as to the cost of repair. Based on this conversation and on his own personal observations and experience, the adjustor testified that the house could be made structurally sound for $2,800.

An expert may give an opinion upon the *facts* testified to by other witnesses, but not upon *their opinions. Walker v. Fields,* 28 Ga. 237 (2) (1859). See 31 AmJur2d 546, Expert and Opinion Evidence, § 42. Although Hartford's adjustor did receive the benefit of another expert's opinion in this case, which opinion he related to the jury without objection, there is nothing in the witness' testimony to indicate that his own opinion was based on this other opinion, rather than upon his own personal observations, combined with the factual information to which he received from the other expert. Accordingly, his testimony cannot be held to have been without at least some probative value, and the trial court erred in granting a directed verdict to Mayflower and Hartford on the issue of their liability for the damage to the plaintiffs' home.

(b) A bona fide controversy existed as to the amount

of the appellants' loss in this case. See *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317) (1972). Thus, the trial judge did not err in directing a verdict for appellees Mayflower and Hartford on the issue of bad faith and attorney fees. See *Tift v. Towns,* 63 Ga. 237 (3) (1879); *Ga. Farm Bur. Mut. Ins. Co. v. Boney,* 113 Ga. App. 459 (1) (148 SE2d 457) (1966).

3. The jury returned a verdict of $1 in favor of appellants for injury to their furniture. In their fourth enumeration of error, the appellants seek reversal of this verdict as being inadequate as a matter of law.

As a common carrier, Mayflower was liable to the appellants for any furniture damaged in transit (see 49 USCA § 20 (11)) unless it could show the absence of any negligence contributing to the damage on its part and that the acts of the shippers (appellants) were the sole proximate cause of the damages. See Trautmann Bros. Co. v. Missouri Pac. R. Co., 312 F2d 102 (5th Cir. 1962); Mitchell v. Union Päc. R. Co., 188 FSupp. 869 (S.D. Cal. 1960); Ebasco Svcs., Inc. v. Pacific Intermountain Express Co., 398 FSupp. 565 (S.D. NY 1975); DeVita v. Payne, 149 Minn. 405 (184 NW 184) (1921).

The trial judge, in accordance with this law, charged the jury that if they found Mayflower had failed to establish the absence of its negligence by a preponderance of the evidence, they should return a verdict for appellants "in an amount of the actual loss . . . in an amount not to exceed $3,059.15."

It is not disputed that appellants sustained damage to certain pieces of their furniture as a result of the moving van hitting their carport. Some of the damaged furniture was repaired by Mayflower but not to appellants' satisfaction. Other pieces were not repaired at all. In addition, the evidence confirms that at least one moving carton containing appellants' personalty was lost by Mayflower. Under these circumstances, the jury's verdict of $1 was inadequate and must be reversed. See *Tallent v. McKelvey,* 105 Ga. App. 660 (125 SE2d 65) (1962); *Simmons v. Brock,* 131 Ga. App. 275 (205 SE2d 716) (1974).

4. The appellants' next three enumerations of error are directed toward the trial judge's charge to the jury.

With regard to the trial judge's reading of the pleadings to the jury, it was within his discretion to do so. See generally *Jones v. McElroy,* 134 Ga. 857 (3) (68 SE 729) (1910). However, on retrial of the case against appellees Mayflower and Hartford, the trial judge should refrain from reading the pleadings insofar as they relate to appellee Boston since a verdict has been directed in its favor on all issues. Also, the pleadings of appellees Hartford and Mayflower are identical, and it would be better practice for the trial judge to inform the jury of this similarity and then to read only one answer to the jury. Adoption of this procedure would eliminate any risk of prejudice to the appellants through overemphasis of these appellees' identical defenses. Lastly, the trial judge should take special precaution in his charge to avoid any indication to the jury that comparative negligence, a defense to liability raised by Mayflower and Hartford in their pleadings, is applicable to this case. See 49 USCA § 20 (11), supra.

5. The appellants offered into evidence a checklist made by Mr. McCauley at the time the moving van was unloaded in Atlanta, which showed that two cartons were missing. Immediately after the attorney for Mayflower and Hartford stated his objection to the admission of this list, the judge ruled "I will deny it at this time, and let's get into it at another time." The appellants now enumerate as error the trial judge's refusal to admit this list into evidence.

The trial judge's ruling is ambiguous as to whether he was denying the defense attorney's objection or ruling the list inadmissible. However, from a practical standpoint, the appellants were not prejudiced by this confusion since the jury did have before them a memorandum sent to the appellants from Mayflower which expressly referred to their contention that two cartons had been lost.

6. In response to questioning by the appellants' attorney, Boston's adjustor answered that he did not feel it was necessary to have a proof of loss before investigating the claim since he has no authority to waive certain things for the company and since the policy provided that the proof-of-loss requirement could be waived only in writing

by an officer of the company. As shown in Division 1, the evidence totally nullified the appellants' contentions of implied waiver. Thus, even if we assume arguendo that the trial judge erred in overruling the appellants' objection to this testimony, the error was harmless and would not require a reversal.

7. In their final enumeration of error, the appellants allege prejudicial error in the trial judge's delayed acceptance of five photographs which they offered into evidence. A review of the record shows that the trial judge gave the three attorneys involved in this case 30 minutes to review the appellants' extensive photographic exhibits. Upon being informed that the attorneys could not agree as to the admissibility of five pictures showing the furniture repaired by Mayflower, the trial judge ruled the photographs temporarily inadmissible ". . . because I am not going to go into any argument on them at this time. . . He [Mayflower's attorney] will give you his objection at the proper time." Appellants' attorney raised no objection to this ruling; and, in fact, he indicated his acquiescence with the ruling. Assuming arguendo that the trial judge's action was otherwise objectionable, we find no reversible error under these circumstances.

*Judgment affirmed in part and reversed in part. Birdsong and Underwood, JJ., concur.*

Submitted January 3, 1979 — Decided April 4, 1979 — Rehearing denied April 30, 1979 —

*Neely, Player, Hamilton & Hines, Ronald D. Reemsnyder,* for appellants.

*Swift, Currie, McGhee & Hiers, John Gaughen, Henning, Chambers & Mabry, Rex Smith,* for appellees.