66485. CARPENTERS LOCAL UNION NUMBER 1977 v. GENERAL INSURANCE COMPANY OF AMERICA.

QUILLIAN, Presiding Judge.

This is an appeal from a directed verdict for defendant insurer in an action to recover on a hazard insurance policy.

Plaintiff union (appellant) had a hazard insurance policy on its building with defendant insurer (appellee). In about May 1979 a tree allegedly fell on the roof of the union's building, resulting in damage. Notice of claim was made and the insurer had the building examined by an expert as late as May 30, 1980. In July 1980, the insurer denied liability and the union commenced this suit in October 1980. At trial the union introduced the policy and evidence of the cause and amount of loss. The policy contained a provision stating that "No suit shall be brought on this policy unless the insured . . . has commenced the suit within one year after the loss occurred." At the close of the union's evidence, the trial court granted the insurer's motion for directed verdict on the ground that the union had not proved that it had commenced suit within one year after the loss occurred as required by the policy. *Held:*

The union contends that the direction of the verdict was error because the insurer had waived the policy provision requiring suit to be brought within one year by continuing to negotiate with the union until more than one year had passed. *Nee v. State Farm Fire &c. Ins. Co.,* 142 Ga. App. 744 (236 SE2d 880), cited in support, held that it was error to grant summary judgment to the insurer where the insured had not brought suit within one year of the loss because there was evidence that the insurer admitted liability and wished to settle the claim by negotiation, thus raising a question of fact for jury resolution on whether the insurer waived the policy provision.

There is no evidence in the instant case that the insurer admitted liability or wished to negotiate a settlement, which distinquishes it from *Nee v. State Farm,* 142 Ga. App. 744, supra.

OCGA § 33-24-40 (formerly Code Ann. § 56-2428, Ga. L. 1960, p. 289, § 1) provides that investigating any loss or claim under any policy of insurance or engaging in negotiations looking toward a possible settlement of any loss or claim, shall not be deemed to constitute a

waiver of any provision of a policy. This statute thus apparently bars any waiver of the policy provision as the evidence at most shows only investigation by the insurer a little over a year after the loss and denial of liability within six weeks thereafter. Compare, *McCauley v. Boston Old Colony Ins. Co.,* 149 Ga. App. 706 (1) (256 SE2d 19).

*Johnson v. Ga. Farm &c. Ins. Co.,* 141 Ga. App. 859 (234 SE2d 693), is factually similar to the instant case in that the insurer was granted a directed verdict because the insured had not commenced suit on the policy within one year after the loss as required by the policy. In affirming we said: "[T]he contract of insurance provided that suit must be commenced within 12 months next after inception of the loss. Such a provision in the policy has been held to be firm and binding on numerous occasions by this court . . . [Cits.] In this instance the negotiations as to settlement were carried on from a period of a few days following the fire (for about ten months). Thereafter, there is no evidence of continued effort to negotiate in any manner. Thus the case is lacking in evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that the defendant intended to enlarge on the limitation period contained in the contract as to the time in which plaintiff had to file suit." Id. at 860, 861.

The union's contention that the insurer also waived the time limitation of the policy by not asserting it as an affirmative defense in its pleadings or by motion before trial is without merit. OCGA § 9-11-8(c) (Code Ann. § 81A-108) does not include noncompliance with a contract provision as an affirmative defense. To the contrary, OCGA § 9-11-12(h)(2) (Code Ann. § 81A-112) permits the defense of failure to state a claim upon which relief can be granted, which the instant motion approximated, to be asserted at trial on the merits.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 5, 1983.

*Roy N. Newman,* for appellant.
*Earl J. Van Gerpen,* for appellee.