## 66704. HOLLAND v. INDEPENDENT FIRE INSURANCE COMPANY.

SHULMAN, Chief Judge.

Appellant brought suit against appellee for its refusal to make payment pursuant to a fire insurance policy held by appellant. The jury returned a verdict for appellant, but the trial court granted appellee's motion for judgment notwithstanding the verdict. The trial court's decision was based on appellant's failure to bring suit within one year from the date of loss as is required by the policy. The correctness of that ruling is challenged in appellant's sole enumeration of error.

1. The first argument advanced by appellant is that appellee, by its conduct, waived the one-year contractual limitation period contained in the policy. Relying heavily on *N. Y. Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474), appellant contends that inaccuracies in appellee's correspondence with appellant's former counsel constituted conduct inconsistent with an intention to enforce strict compliance with the policy provisions. That argument is based on inaccurate references to the date of loss contained in the headings of two letters from appellee's claim adjuster.

The uncontradicted evidence was that the loss occurred in October 1981, that appellant signed proof of loss forms showing the correct date of loss, and that appellee had made a final refusal to pay on December 3, 1981. The letters in which the inaccurate dates appeared were subsequent to December 3, 1981, and were no more than refusals to reopen negotiations. In light of the uncontroverted fact that appellant was aware of the date of the loss, there is no evidence that he was misled by appellee's letters. We agree with the trial court that there was no evidence that appellee intended to waive the period of limitation and there was no evidence of conduct by appellee inconsistent with an intention to enforce strict compliance with the policy provision requiring that suit be brought within one year from the date of loss.

2. Appellant's second argument is that the one-year period of limitation was tolled during the pendency of negotiations following the loss. That issue is controlled adversely to appellant by *Looney v. Ga. Farm Bureau &c. Ins. Co.,* 141 Ga. App. 266, 267 (233 SE2d 248): "Assuming, without deciding, that the contractual limitation of 12

months for the bringing of an action was tolled during the entire period of negotiations, the tolling ceased upon the denial of liability on [December 3, 1981], and the limitations period began to run. [Cit.] It follows, therefore, that the action brought on [December 21, 1982] was not brought within the period of limitations contracted for."

Appellant's reliance on Nicholson v. Nationwide Mut. Fire Ins. Co., 517 F Supp. 1046 (N. D. Ga. 1981), is misplaced. Even if a federal district court's rulings were binding precedent for this court, which they are not, this case is clearly distinguishable on its facts since, as noted above, more than 12 months passed between appellee's final denial of liability and the filing of this suit.

For the reasons stated above, no error appears in the trial court's grant of judgment notwithstanding the verdict to appellee.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 4, 1983.

*John C. Dabney, Jr.,* for appellant.
*William A. Dinges,* for appellee.