## AMERICAN MUTUAL FIRE INSURANCE COMPANY, Petitioner,

v.

## Jimmy COATS and Rosa Coats, Respondents.

### Civ. A. No. 284–116.

United States District Court, S.D. Georgia, Brunswick Division.

Feb. 18, 1985.

Bobby Jones, Metter, Ga., for petitioner.

Dennis Strickland, Waycross, Ga., John R. Thigpen, Blackshear, Ga., for respondents.

## ORDER

ALAIMO, Chief Judge.

Before the Court is petitioner's motion for summary judgment. Jurisdiction in this case is predicated upon diversity of citizenship, 28 U.S.C. § 1332(a). American Mutual Fire Insurance Company ("AMFIC") initiated the instant action by petitioning the Court for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* More specifically, petitioner prays that it be held not liable to respondents for any sum of money under a fire insurance contract it entered into with the respondents. Having reviewed the parties' briefs, the Court shall grant petitioner's motion.

## FACTUAL BACKGROUND

On October 10, 1982, AMFIC issued to Jimmy and Rosa Coats a homeowner's insurance policy extending coverage to their dwelling and the contents located therein. The contract was to continue for a one-year term. Coverage was established as follows: $27,000 for the dwelling; $13,500 for its contents; and $2,700 for certain additional living expenses. Paragraph 8 of that policy provided that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage."

On November 9, 1982, a fire broke out at the Coats residence, severely burning the structure of the premises and much of its contents. Later, on December 7, 1982, a second fire resulted in the total destruction of the structure and its contents. Shortly thereafter, respondents, through their attorney, began negotiations with AMFIC to obtain financial support under the policy they signed in October, 1982.

On March 1, 1983, James Sadler, the Property Claims Manager of AMFIC, made a formal request for a proof of loss and the respondents submitted one on April 4, 1983. In July, 1983, the parties held an examination under oath in which Mr. and Mrs. Coats gave sworn testimony regarding the two fires. One week later, Jimmy Coats was arrested, and later released, on charges of arson. The parties stayed in communication throughout the next year until AMFIC filed the instant petition for declaratory judgment on June 4, 1984.

In its petition, AMFIC asserted that respondents should not be entitled to recover upon the policy because they failed to comply strictly with the terms and provisions of the insurance contract. Moreover, petitioner asserted that respondents misrepresented several material facts to AMFIC in the proof of loss statement, including the cause and value of the loss, the interests of third parties in the subject property and the respondents' active role in the destruction of the property.

On November 26, 1984, AMFIC submitted a motion for summary judgment. In its brief, petitioner avers that the respondents have neglected to file suit within the one-year limitations period delineated in the contract. For this reason, petitioner denied any potential liability based upon the contract and prays that this Court render it null and void.

In reply, respondents concede the existence of the one-year limitations period in the insurance policy. Yet, respondents assert that AMFIC waived its right to enforce this provision by maintaining and prolonging the negotiations with the Coats beyond the limitations period. Furthermore, respondents suggest that correspondence between their counsel and AMFIC indicated that AMFIC was still investigating the claims as late as April 4, 1984—

over 16 months after the property was burned—and that "[a]t no time did a duly authorized representative of [AMFIC] ever lead the [Coats] to believe the claim would be denied." Respondents' Brief at 2 (filed December 14, 1984). Thus, respondents contend that a genuine issue of material fact exists as to whether AMFIC waived the limitation provision in the policy.

## DISCUSSION

AMFIC argues that, pursuant to O.C. G.A. § 33–24–40, it is entitled to investigate respondents' claim without effecting a waiver of the limitations provision. O.C. G.A. § 33–24–40 provides:

> Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer under the policy:
>
> (1) Acknowledgment of the receipt of notice of loss or claim under the policy;
>
> (2) Furnishing forms for reporting a loss or claim, for giving information relative to the loss or claim, or for making proof of loss or receiving or acknowledging receipt of any forms or proofs completed or uncompleted; or
>
> (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any loss or claim.

The Court agrees with the petitioner that it has acted within the purview of the statute. *See, e.g., Carpenters Local Union Number 1977 v. General Insurance Company of America,* 167 Ga.App. 299, 306 S.E.2d 383 (1983); *McCauley et al. v. Boston Old Colony Insurance Company et al.,* 149 Ga.App. 706, 256 S.E.2d 19 (1979); *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga.App. 697, 172 S.E.2d 159 (1969).

Recently, the Georgia Court of Appeals held that, where "[t]here is no evidence ... that the insurer admitted liability or wished to negotiate a settlement," there is no waiver of the limitations period. *Carpenters Local Union, supra,* 167 Ga.App. at 299–300, 306 S.E.2d 383; *see also Johnson v. Georgia Farm & Casualty Ins. Co.,* 141 Ga.App. 859, 860–61, 234 S.E.2d 693 (1977) (no evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that defendant had extended limitations period). *But see Nee v. State Farm Fire & Casualty Ins. Co.,* 142 Ga.App. 744, 236 S.E.2d 880 (1977) (waiver existed where insurer admitted liability and wished to settle the claim by negotiation).

In the instant action, the Court can find no indication that petitioner intended to settle this claim prior to or after it completed its investigation of the two fires. Respondents have admitted that at no time did petitioner ever admit liability; instead, respondents can only aver that the insurer never told them that they would not pay their claim. Furthermore, correspondence between the parties suggests that AMFIC was merely carrying on its investigation, and not entering into negotiations of liability, as late as April, 1984—some 16 months after the last fire. These actions are not enough to raise a question of fact with respect to an affirmative waiver on the part of the insurer.

It seems clear to this Court that, by the end of one year, the insureds should have instituted a suit to enforce their rights. This having not been done, respondents at that point relinquished any right they had to protect legally their claim.

## CONCLUSION

Accordingly, petitioner's motion for summary judgment is hereby GRANTED, and the insurer is absolved from all further responsibility regarding the Coats' insurance policy. The Clerk of Court is directed to enter an appropriate judgment.