69968. UNIVERSAL SCIENTIFIC, INC. v. SAFECO INSURANCE COMPANY OF AMERICA.
(331 SE2d 611)

BIRDSONG, Presiding Judge.

Contractual Limitation of Action. Universal Scientific, Inc. is a company dealing, along with other materials, in chemicals for use in chromatographic applications. These are highly absorbent materials both by nature and in use. Additionally, Universal had the usual furnishings and office equipment found in most businesses warehousing its products and containing its business operations. On January 9, 1983, certain water pipes in Universal's building ruptured, causing flooding of the premises. The next day (Monday, January 10) Safeco was notified of the damage and commenced its own investigation of the loss claim. Universal retained an attorney to assist it in perfecting its claim. However, the attorney proved to be unsatisfactory and Universal discharged that attorney and retained its present attorney. It is not disputed that no formal proof of loss had been filed by Universal

as late as July 1983, when the second attorney was retained.

Universal had water damage to certain advertising layouts and carpets, and also claimed that a computer valued over $8,000 had been rendered useless. Most importantly, Universal maintained that over $125,000 of its absorbent chemicals were no longer useful because of the probable water contamination.

On January 12, 1983, three days after the flooding incident, the president of Universal was informed by Safeco that coverage as to the absorbents which allegedly had been contaminated by high humidity or water would not be accepted until testing established such contamination. An offer was made at that time to pick up samples of the claimed contaminated stock and have those samples examined under laboratory conditions by a professional chemist. If Universal desired to continue with any claim as to absorbent material loss, these tests would have to be pursued. As to the computer, a repair estimate was required. Subsequently on February 4, 1983, Safeco wrote Universal another letter and informed Universal that a chemist had rendered an opinion that if protective packaging had not been altered or a container had not been wholly submerged in water, there was no good reason to conclude that the mere presence of water would spoil the chemicals. If Universal desired Safeco to consider this portion of the claim, Safeco once again offered to conduct chemical analysis to further substantiate the lack of damages.

When new counsel was retained in July 1983, that counsel immediately wrote to Safeco on July 21, 1983, that as soon as a complete file had been assembled the attorney was authorized to file suit immediately on the claim to its full amount. Safeco promptly notified the new counsel that no proof of damages had ever been filed as to the claim. Counsel together with his client (Universal) recaptured the materials in the possession of the first counsel, and on October 21, 1983, a letter was sent to Safeco listing as damages the carpet, a computer, printer, track drive, graphics for a production catalogue, and inventory of damaged stock, with a compilation of losses amounting to $144,558.66.

On November 11, 1983, Safeco replied to the October 21 letter and admitted coverage for damaged fixtures. That coverage only extended to the carpet replacement and graphic reproduction. Safeco, having agreed to the limited coverage of those items, sent a check for $1,695 in payment. Investigation by Safeco indicated that the computer had been placed in an oven, dried out, and the system was fully functional and not damaged. No charge had been assessed for the drying out of the system. As to the chemicals, tests had not been performed (inasmuch as no insistence therefor had been forthcoming) and Safeco's information reflected that there was little or no likelihood that water contamination had occurred. Universal once again

was informed that if it wished to pursue this part of its claim, it would be necessary for tests to be performed. Such tests were performed and the samples tested in the opinion of Safeco's chemist proved not to be contaminated. Universal elected to accept the $1,695 check in settlement of its fixture loss excepting therefrom the claim for the contaminated chemicals and the computer. In a letter of December 7, 1983, Universal through its attorney stated to Safeco that Universal was pursuing its claim with vigor and suit would be filed within the terms of the contract no later than January 9, 1984, if an agreement could not be reached.

The contract of insurance between Universal and Safeco provided that suit for breach of the contract must be filed within one year after the loss occurred. Inasmuch as the loss occurred on January 9, 1983, to be within the terms of the contractual limitation of the policy, Universal was required to file suit not later than January 8, 1984. In fact Universal filed its suit as it indicated it would in its letter of December 7, 1983 on January 9, 1984. Safeco moved for summary judgment contending that Universal's suit was not filed within the contractual limitation. The court granted Safeco summary judgment and it is that grant that forms the basis of this appeal. *Held*:

Universal attacks the grant of summary judgment on several grounds. Underlying its arguments is one that urges that *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) is based upon faulty and illogical reasoning. In that case Stephens suffered a loss on a Sunday and could not commence a claim until the next day. The insurance contract with Allstate also provided that suit on a claim had to be filed within one year of the loss. The year expired on a Sunday, and Stephens did not file (indeed could not file) until Monday. The Supreme Court concluded and held that the suit was not filed within the contractual requirements of the policy and sustained Allstate's judgment. The facts are the same in this case. January 9, 1983 fell on a Sunday, and January 8, 1984 fell also on a Sunday. Consequently Universal could not file on January 8 (although it could have filed earlier). Because the statute of limitations gives litigants extra days when Sundays or holidays are involved, Universal now urges that result in *Stephens* is illogical and should be overruled (or perhaps disregarded). However, this court is required to follow the decisions of the Supreme Court. *Phillips v. Fireman's Fund Ins. Co.*, 31 Ga. App. 541 (121 SE 255). Moreover, Universal's argument is premised upon faulty logic. The code sections discussed in determining the running of the statute of limitations as affected by Sundays, holidays, etc., deal with statutorily set periods and not contractually agreed limitations. See *Maxwell Bros. v. Liverpool &c. Ins. Co.*, 12 Ga. App. 127, 129 (76 SE 1036).

The specific argument now advanced by Universal was consid-

ered and rejected by this court in *Newton Lumber & Supply v. Crumbley*, 161 Ga. App. 741 (290 SE2d 114). Where a party binds himself to sue within twelve months, or not at all, it would constitute a radical and material departure from the terms of the contract to allow a variance in its terms. *Maxwell Bros.*, supra, p. 130. Inasmuch as contractual limitations are perfectly valid and enforceable, the suit in this case under this contract had to be filed not later than January 8, 1984, or be subject to summary judgment. In the absence of any valid extension of that period, the trial court did not err in granting summary judgment to Safeco.

However, Universal contends that the period was extended because Safeco reasonably led Universal to believe that the claim was under negotiation with a view toward settlement and the contractual limitation was tolled during the time of negotiation. In the first place, we are constrained to observe that counsel for Universal probably acted upon the belief that the last day for filing suit on the claim was January 9 as he stated in his letter of December 7, 1983. Moreover as early as January 12, 1983, Safeco took the position that damage to the absorbent chemicals was doubtful and testing would be required to substantiate that portion of the claim. By letter of February 4, 1983, Safeco in effect informed Universal that there was little or no likelihood of chemical contamination and it (Safeco) would conduct tests to substantiate the *lack* of damages.

By its letter of November 11, 1983, Safeco informed Universal that it agreed to coverage for the graphic layout and the carpet damage only and sent a check in payment for that loss. Once again Safeco maintained the unlikelihood of chemical contamination and stated its specific disavowal of any damage or loss to the computer. Safeco did however inform Universal that if it wished to pursue this portion of the claim, Safeco would obtain samples and test the chemicals to clarify the status of the chemicals. As indicated herein before, those tests proved negative. In substance, however, Universal contends that Safeco's continued interest in the condition of the chemicals constituted negotiations toward settlement of the disputed claim for chemicals and the computer. Universal also would have this court to construe this continued interest as an implied promise to pay the claim if the chemicals proved to have been contaminated.

Our examination of the posture of the evidence in this case causes us to conclude that Universal's interpretation of Safeco's offer to test the chemicals as a waiver of the limitations of the contract is unwarranted. The contract required Universal to cooperate in an investigation of a claim and to make available to Safeco items subject to claim. From the inception of the claim, Safeco made clear that it doubted contamination of the chemicals and offered to test the chemicals to substantiate the lack of contamination. It affirmatively stated

long before the contractual limitation expired that there was positive evidence that the computer suffered no damage and Universal had not been charged for the drying out of the computer. Such evidence is lacking wholly in any meaning that Safeco was giving a promise, statement, or other act (or was deliberately and fraudulently misleading) to Universal so as reasonably to cause Universal to believe Safeco intended to enlarge on the limitation period contained in the contract as to the time in which Universal had to file suit. See *Carpenters Local Union No. 1977 v. Gen. Ins. Co.*, 167 Ga. App. 299 (306 SE2d 383); *Johnson v. Ga. Farm Bureau Mut. Ins. Co.*, 141 Ga. App. 859 (234 SE2d 693). Inasmuch as OCGA § 33-24-40 expressly allows an insurer to investigate any loss or claim and engage in negotiations looking toward possible settlement without constituting a waiver of a policy provision or defense, Universal's interpretation of Safeco's offer to test the chemicals is wholly unwarranted.

However, Universal pursues its argument, calling our attention to a case in a federal district court in Georgia that concluded while negotiations are under way, the period of time for filing suit is tolled. *Nicholson v. Nationwide Mut. Fire Ins. Co.*, 517 FSupp. 1046 (N.D. Ga. 1981). Similar conclusions were reached in *Dittler Bros. v. Allendale Mut. Ins. Co.*, 509 FSupp. 514 (N.D. Ga. 1981). In the first place we observe that while opinions of other jurisdictions not inconsistent with the law of this state may be entitled to great consideration, they are not binding on the courts of this state. Secondly, this very argument was presented to this court and expressly rejected in the case of *Holland v. Independent Fire Ins. Co.*, 168 Ga. App. 761, 762 (310 SE2d 297).

Lastly, Universal contends that because chemicals were furnished for testing, Safeco could not deny the claim for at least 30 days after the results of the test were obtained. This is inconsistent with the express terms of the contract. There was no connection between the right of the company to insist upon its right to conduct an investigation and protection from a claim for refusal to pay a claim caused by the testing and the contractual obligation to file a suit within a year of the loss. While a claim might be paid or denied later than a year after the loss, in the absence of evidence of implied acceptance of liability pointing to probable settlement, this non-payment does not relieve the insured of the obligation to file suit within a year. The two simply are not related in the contract. Universal also seeks to relate the last test of the chemicals the substantial equivalent of an appraisal. However, the contract deals specifically with an appraisal and has no bearing on the duty of the insured to file its suit within the time required by the contract. Thus authorities cited in support of these arguments are not in point nor relevant to the disposition of the issue before us. In this case it is clear that Safeco made no express or

implied promises to extend the time for filing suit. It informed Universal several days before the time expired that there was no substance to its claim for contaminated chemicals. Even before that time it had informed Universal that it would pay only for the damage to the carpets and the advertising spread. It did pay that claim and Universal accepted that offer.

Viewed in the light most favorable to the respondent (Universal), we can find no real dispute that Universal failed to file its suit within the time authorized by the contract. Further, we find no reasonable interpretation of Safeco's insistence on its right to inspect to amount to an extension of the time to file suit. Accordingly, there was no error in the trial court's grant of summary judgment to Safeco.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur in the judgment only of the majority opinion because, as stated in my special concurrence in the case of *Desai v. Safeco Ins. Co. of America*, 173 Ga. App. 815 (328 SE2d 376) (1985), I am constrained to agree that *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977), "is controlling and dispositive and we are bound to follow that decision of our Supreme Court." *Desai*, supra at 818 (special concurrence of Carley, J.).

DECIDED MAY 2, 1985 —
REHEARING DENIED MAY 15, 1985 —

*William C. Campbell, Gary S. Freed*, for appellant.
*James E. Singer, Steven J. Kyle*, for appellee.