### 70641. STATE FARM FIRE & CASUALTY COMPANY et al. v. PACE et al.
(337 SE2d 401)

SOGNIER, Judge.

Suit was filed on March 8, 1984 by Howard S. Pace and Janis R.

Dobbins, as individuals, and Dobbins as the purported administratrix of the Estate of R. C. Pace, against State Farm Fire and Casualty Company and Vic Miltiades seeking to recover proceeds under a fire insurance policy issued by State Farm, through Miltiades, to R. C. Pace. The property insured under the policy issued by State Farm to R. C. Pace was damaged in a fire on February 28, 1982. The trial court denied State Farm and Miltiades' motion for summary judgment and this court granted their application for interlocutory review.

Appellants contend the trial court erred by denying their motion for summary judgment because appellees are precluded from asserting their claim under the provision in the insurance contract requiring that suit for breach of the contract be filed within twelve months after inception of the loss. Such contractual limitations have been held valid and binding. See *Commercial Union Ins. Co. v. F. R. P. Co.*, 172 Ga. App. 244, 245 (1) (322 SE2d 915) (1984); *Universal Scientific v. Safeco Ins. Co.*, 174 Ga. App. 768, 772 (331 SE2d 611) (1985).

In response, appellees argue that the contract limitation period was tolled by the application of OCGA § 9-3-92 which states that "[t]he time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. At the expiration of the five years the limitation shall commence, even if the cause of action accrued after the person's death." We need not address the question whether this statute tolled the limitation period in the insurance contract because the statute is inapplicable to appellees as individuals suing as heirs at law of R. C. Pace's Estate, *Lazenby v. Ware*, 178 Ga. 463 (173 SE 86) (1934) and, therefore, the trial court erred by denying appellants' motion for summary judgment as to these appellees. And although no specific negative averment was made by appellants as to Dobbins' purported capacity as administratrix, see OCGA § 9-11-9 (a), and thus the issue of her capacity cannot be raised for the first time on appeal, see *Reed v. Williams*, 160 Ga. App. 254, 255 (2) (287 SE2d 47) (1981), there was evidence adduced in appellants' response to appellees' interrogatories that the warranty deed to the subject property names Dobbins as the registered owner. Dobbins failed to rebut appellants' evidence with any proof that the subject property remains in the estate to be administered by her in order to rely upon the provision in OCGA § 9-3-92. "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.]" *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983).

The trial court thus erred by denying appellants' motion for summary judgment.

Appellees further assert that their complaint presents a cause of action in tort for appellants' alleged negligent failure to pay appellees' claims under the policy and thus the two-year statute of limitation in OCGA § 9-3-33 is applicable. " '(G)enerally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto.' [Cits.] 'It is well settled that misfeasance in the performance of a contractual duty *may* give rise to a tort action.' [Cit.] In such cases, however, the injury complained of must be 'an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit.' [Cit.]" (Emphasis supplied.) *Smith v. United Ins. Co.*, 169 Ga. App. 751, 752 (1) (315 SE2d 265) (1984). Appellees failed to present any evidence to rebut State Farm's assertion that its sole basis for refusing to pay the claim was that neither Howard Pace nor Dobbins were the named insureds on the policy, that the administration of R. C. Pace's Estate had been terminated, that the warranty deed listed Dobbins as the registered owner of the property, and that State Farm had not been notified as to any assignment of the policy. There is no evidence that State Farm's actions constituted a breach of any duties other than those allegedly created by the contract. See *Commercial Bank &c. Co. v. Buford*, 145 Ga. App. 213, 214-215 (243 SE2d 637) (1978). Therefore, summary judgment was improperly denied to appellants as to all appellees on this issue.

*Judgment reversed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 23, 1985 —
REHEARING DENIED NOVEMBER 6, 1985 —

*Frank J. Klosik, Jr., Fred M. Valz III, Suzanne S. Barksdale,* for appellants.

*William Lewis Spearman, Kenneth F. Dunham, Jeffrey L. Evans,* for appellees.