## A93A0009. SHELTER AMERICA CORPORATION v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
### (433 SE2d 140)

ANDREWS, Judge.

Shelter America appeals the trial court's grant of Georgia Farm Bureau's motion for summary judgment arising from the following facts:

Shelter America filed a complaint against Georgia Farm Bureau on October 17, 1990, alleging that it was the mortgagee of a mobile home which was insured with Georgia Farm Bureau. The mobile home was destroyed by fire on December 24, 1988. Shelter America alleged that although it complied with all policy conditions, Georgia Farm Bureau refused to pay for the loss.

Georgia Farm Bureau answered the complaint, arguing that Shelter America's claim was barred because it was not brought within the one-year contractual limitation in the policy. Georgia Farm Bureau filed a motion for summary judgment on this basis, and from the trial court's grant of that motion, Shelter America appeals.

The record before us establishes the following: Shelter America, which in 1989 was a business with both a legal division and an insurance department, initially contacted Georgia Farm Bureau on January 4, 1989, regarding the loss. Several phone calls between the parties ensued and Shelter America was informed that Georgia Farm Bureau's investigation could take up to several months to complete.

On March 28, 1989, Georgia Farm Bureau sent Shelter America the proof of loss form. In the letter enclosing the forms, Georgia Farm Bureau stated that "nothing herein is intended or should be construed to amount to a waiver of Georgia Farm Bureau's rights under the terms and conditions of the policy at issue in this matter. In fact, Georgia Farm Bureau insists upon strict compliance with all the terms and conditions set forth in the policy." Shelter America completed the proof of loss form and complied with that portion of the policy.

Communications continued between Shelter America and Georgia Farm Bureau and preliminary settlement negotiations began. The Shelter America representative with whom Georgia Farm Bureau communicated at this time did not have the authority to settle the case. On November 7, 1989, Georgia Farm Bureau again wrote Shelter America stating that it wished to discuss the claim further and that "nothing in this letter is intended as a waiver of any right of Georgia Farm Bureau Mutual Insurance Company to insist upon strict com-

pliance with all contractual terms and conditions." On November 14, 1989, Shelter America, through its legal division, sent a letter in which it contested the amount at which the mobile home had been valued.

On December 8, 1989, Georgia Farm Bureau wrote another letter in which it set forth the method by which it had calculated its value of the mobile home. In that letter, Georgia Farm Bureau stated again: "nothing in this letter is intended as a waiver of any right of the Georgia Farm Bureau to insist upon strict compliance with all contractual terms and conditions, *including any applicable limitations*, nor as a waiver of any defense Georgia Farm Bureau may have under the insurance contract or applicable law."

On December 19, 1989, Shelter America replied again to Georgia Farm Bureau, again setting forth concerns regarding the value of the loss. On January 8, 1990, Georgia Farm Bureau informed Shelter America that it would not pay the claim and that the one-year suit limitation of the policy barred any suit against it and this suit ensued.

1. In its first enumeration, Shelter America argues that an issue of fact remains regarding whether Georgia Farm Bureau waived its right to rely on the one-year contractual limitation provision and that the trial court erred in granting summary judgment. Shelter America contends that Georgia Farm Bureau unnecessarily delayed negotiating and created confusion regarding the value of the mobile home, thus lulling it into a false sense of security and that these actions bar Georgia Farm Bureau from relying on the one-year limitation.

We find this argument without merit. We are aware that " '[i]t is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time.' " *Giles v. Nationwide &c. Ins. Co.*, 199 Ga. App. 483, 485 (1) (405 SE2d 112) (1991). On the other hand, "[m]ere negotiation for possible settlement unsuccessfully accomplished is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of that defense by the insured." *Desai v. Safeco Ins. Co.*, 173 Ga. App. 815, 818 (328 SE2d 376) (1985); see also OCGA § 33-24-40.

There is no showing in this record of any affirmative statement or other act by Georgia Farm Bureau that would lead Shelter America to believe that the insurer would waive the contractual limitation; in fact Georgia Farm Bureau explicitly stated on three occasions that no contractual provisions were waived. The parties' inconclusive settlement negotiations were explicitly conditioned on the policy terms. Accordingly, we find no error in the trial court's order. See also *Edwards v. Atlantic Ins. Co.*, 203 Ga. App. 608 (417 SE2d 410) (1992); *Suntrust*

*Mtg. v. Ga. Farm Bureau Mut. Ins. Co.*, 203 Ga. App. 40 (4) (416 SE2d 322) (1992); compare *Lynn v. Ga. Farm Bureau Mut. Ins. Co.*, 189 Ga. App. 209 (375 SE2d 259) (1988); *Commercial Union Ins. Co. v. F. R. P. Co.*, 172 Ga. App. 244 (322 SE2d 915) (1984).

Similarly, Shelter America's third enumeration, which argues that Georgia Farm Bureau is equitably estopped from asserting the one-year contractual limitation is without merit.

2. In its second enumeration, Shelter America asserts that a jury issue exists with respect to whether the one-year limitation period in the policy was tolled until October 3, 1989, when Georgia Farm Bureau discussed the claim with it. This argument has no merit. First, the cases which appellant cites discuss the tolling of the time *during* the negotiations, see *Looney v. Ga. Farm Bureau Ins. Co.*, 141 Ga. App. 266 (233 SE2d 248) (1977), not up until the negotiations begin, which is part of the argument appellant seems to advance here. Shelter America does not explain the ten-month delay between the denial of liability and filing suit. Furthermore, the contention that settlement negotiations in this context toll the time for compliance with this contractual provision has been rejected several times by this court. See *Universal Scientific v. Safeco Ins. Co.*, 174 Ga. App. 768 (331 SE2d 611) (1985); *Holland v. Independent Fire Ins. Co.*, 168 Ga. App. 761, 762 (2) (310 SE2d 297) (1983); see generally OCGA § 33-24-40.

3. Shelter America claims that a factual issue remains as to whether it is entitled to recover for its loss under the appraisal clause in the policy. Shelter America cites the portion of the policy which states that if the parties "fail to agree on the amount of loss, either may demand an appraisal of the loss" and Shelter America argues that this appraisal clause does not contain a one-year provision. This argument is meritless. No appraisal was requested in the one-year period before the suit limitation ran. Further, the object of an appraisal would be to determine the amount of loss, and, contrary to Shelter America's argument, any suit to collect any appraised amount would be barred by the same contractual limitation provision. See generally *Yates v. Cotton States Mut. Ins. Co.*, 114 Ga. App. 360 (151 SE2d 523) (1966).

4. Finally, Shelter America claims that the policy is ambiguous because in addition to the provision regarding the one-year limitation period, there is another policy provision entitled "SUITS AGAINST US," which does *not* contain the one-year limitation provision. We find this argument without merit. The section to which the policy limitation provision applies is the property loss section. The claim made by Shelter America clearly fell within this provision. The section which does not contain a one-year limitation period follows the liability section and plainly pertains to claims by a third party against

the insured and is clearly labeled as such.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993.

*Thompson, O'Brien, Kemp & Nasuti, J. Patrick O'Brien, Bruce R. Steinfeld*, for appellant.

*Drew, Eckl & Farnham, Kenneth A. Hindman*, for appellee.