A95A0652. CAMBRIDGE MUTUAL FIRE INSURANCE
COMPANY v. OKONKWO.
(460 SE2d 302)

ANDREWS, Judge.

We granted the application of Cambridge Mutual Fire Insurance Company (Cambridge) to appeal the denial of its motion for summary judgment regarding Okonkwo's (the insured) claim under a homeowner's policy issued by Cambridge. We reverse.

Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), and viewing the facts with all inferences in favor of the insured, the undisputed facts were that the policy involved was issued on February 22, 1993, and that policy provided in Section 8 that "No action can be brought unless the policy provisions have been complied with and *the action is started within one year after the date of loss.*" (Emphasis supplied.) This is the paragraph upon which Cambridge premised its motion for summary judgment.

Section 10 states, in pertinent part, that "[l]oss will be payable 60 days after we receive your proof of loss and: a. reach an agreement with you; b. there is an entry of a final judgment; or c. there is a filing of an appraisal award with us." This paragraph is relied upon by the insured for his argument that, at a minimum, the beginning of the year referred to in Section 8 does not begin until after the expiration of this 60 days.

The insured contacted his agent shortly after the burglary of his home which he alleged occurred on February 24, 1993, while he was at work. Cambridge acknowledges that it had notice of the claim and that the insured supplied a proof of loss and some receipts regarding valuation of the insured items. The insured filed one proof of loss which was misplaced by Cambridge.

On July 7, 1993, Cambridge's agent received a call from the insured complaining about the delay in processing his claim. In response, the insured was given the name of Wilson, the in-house claims adjuster of Cambridge, and his phone number. Thereafter, on August 25, 1993, the local claims adjuster for Cambridge forwarded a letter and second proof of loss form to the insured. That letter stated that "[t]he furnishing of these blank forms and the sending of this letter is [sic] not to be construed as a waiver of the provisions of the contract or as an admission or denial of liability thereunder."

On September 1, 1993, the insured forwarded to Cambridge a second proof of loss form, claiming a loss of $9,454.45. On September 22, 1993, the attorney for Cambridge notified the insured that an examination under oath was required regarding the theft and valuation of the items taken. The insured responded the next day and that examination was conducted by the attorney on September 30, 1993. On October 20, 1993, Cambridge claims examiner Wilson sent the insured a letter stating in pertinent part that it was "the conclusion of the Company, based upon its investigation, that you have materially misrepresented facts and circumstances concerning your loss in an attempt to wrongfully obtain insurance proceeds. This is a violation of your insurance policy which renders it void. However, in hopes that that event might be avoided as well as expensive litigation, I have been authorized to offer you $2,500 in full settlement of all claims under this policy. This offer will remain open for fifteen (15) days

from the date of this letter. . . . If the settlement is not accepted, your policy will be void as of that date. *Thereafter, if you elect to proceed any further with legal action, you should do so in strict accordance with the terms of the policy* and the law of the State of Georgia. . . ." (Emphasis supplied.)

Suit was not filed until April 28, 1994.

The trial court concluded, without further elaboration, that material questions of fact remained, precluding summary judgment.

1. This court considers de novo the entire record before it on review of denial of a motion for summary judgment in order to determine if there were genuine issues of material fact which would preclude summary judgment or whether, instead, any such disputes were immaterial and movant Cambridge was entitled to summary judgment as a matter of law. *Brandon v. Mayfield*, 215 Ga. App. 735, 737 (1) (452 SE2d 181) (1994).

2. "We are aware that ' "[i]t is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires suit to be brought in a certain time." ' *Giles v. Nationwide &c. Ins. Co.*, 199 Ga. App. 483, 485 (1) (405 SE2d 112) (1991)." *Shelter America Corp. v. Ga. Farm Bureau &c. Ins. Co.*, 209 Ga. App. 258, 259 (1) (433 SE2d 140) (1993). On the other hand, merely negotiating for a possible settlement of a disputed claim which is unsuccessfully accomplished is not conduct designed to lull the claimant into a false sense of security and does not preclude an assertion of the contractual one-year provision by the insurer. E.g., id.; *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 41 (416 SE2d 322) (1992); *Giles*, supra at 485 (3); *Holland v. Independent Fire Ins. Co.*, 168 Ga. App. 761 (1) (310 SE2d 297) (1983); *Aiken v. Northwestern Mut. Ins. Co.*, 106 Ga. App. 220, 223 (126 SE2d 630) (1962).

Although the insured contended below that the negotiations by Cambridge somehow tolled the one-year period for bringing suit, the only facts brought forward on the motion for summary judgment showed a continuing investigation by Cambridge, even if some errors were made such as losing the proof of claim. The insured was aware after the October 20, 1993, letter, four months before the expiration of the one-year period for suit, that Cambridge disputed the claim, contended he had made misrepresentations which voided the policy, and offered to settle the disputed claim for $2,500, which offer remained open only for 15 days. There was no conduct from which waiver could have been deduced.[1]

---

[1] The insured's reliance on non-binding federal authority, *Nicholson v. Nationwide Mut.*

3. To the extent that the insured argues that sixty days should be appended to the one-year period, this argument is likewise unavailing. *Suntrust,* supra at 42.

Therefore, Cambridge was entitled to summary judgment.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 26, 1995 —
RECONSIDERATION DENIED JULY 20, 1995 — 

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Daniel R. Ketchum II,* for appellant.
*Stefano A. Didio,* for appellee.

---

*Fire Ins. Co.,* 517 FSupp. 1046 (N.D. Ga. 1981) is also unavailing. See *Glass Elec. Co. v. Commercial Union Ins. Co.,* 711 FSupp. 615, 616 (1) (N.D. Ga. 1988) and *Broadfoot v. Reliance Ins. Co.,* 601 FSupp. 87, 89 (N.D. Ga. 1984), which follow established Georgia precedent and hold such clauses binding.